**Mirella ADELMAN, on Behalf of her Son, Daniel Lindsey ADELMAN, Plaintiff-Appellant,**

v.

**David H. GRAVES, Defendant-Appellee.**

No. 84–2106.

United States Court of Appeals, Fifth Circuit.

Dec. 3, 1984.

Mary O'Connor, Akin, Gump, Strauss, Hauer & Feld, Dallas, Tex., for plaintiff-appellant.

David H. Graves, Houston, Tex., pro se.

Before GEE, JOHNSON, and DAVIS, Circuit Judges.

JOHNSON, Circuit Judge:

Mirella Adelman appeals from the dismissal with prejudice of her *pro se* complaint filed on behalf of her incompetent son, Daniel Adelman. For the reasons stated below, the district court's order of dismissal is reversed, and the case remanded.

## I. *Facts*

On February 10, 1984, Mirella Adelman filed a *pro se* complaint in federal district court, on behalf of her adult son, Daniel Lindsey Adelman, who is an adjudicated incompetent. David Graves, the named defendant, was appointed Daniel's temporary guardian in January 1982. As guardian, Graves had Daniel involuntarily committed to Harris County Hospital, and later to the Texas Research Institute of Mental Science. In her *pro se* complaint, Mirella Adelman alleged that Daniel had been falsely imprisoned and she sought Daniel's release from the hospital,[1] the lifting of an injunction obtained by Graves to bar Mirella Adelman's visits to Daniel, and relief under 42 U.S.C. § 1983 for alleged violations of Daniel's civil rights.[2] Prior to defendant Graves' response, the district court dismissed the complaint, *sua sponte*, after finding that Mirella Adelman did not have standing to represent Daniel because Daniel was an adult represented by a temporary guardian. This Court finds that the district court had authority to appoint a guardian ad litem or next friend, or to make any other order necessary to protect Daniel's interest in this litigation under Fed.R.Civ.P. 17(c). Consequently, the district court improperly dismissed the case with prejudice, without first determining whether Daniel's interests were adequately protected. The order below is accordingly reversed, and the case remanded for fur-

---

1. We construe this request to be a request for habeas corpus relief under 28 U.S.C. § 2254.

2. These alleged violations include allegations of physical and sexual abuse of Daniel at the institution where he was committed, as well as allegations of overmedication at the institution which resulted in physical injuries to Daniel.

ther proceedings consistent with this opinion.

## II. *Discussion*

The district court dismissed the instant complaint upon finding that Mirella Adelman lacked "standing to proceed in this action on behalf of Daniel L. Adelman." We construe this order to mean that the district court found Mirella Adelman lacked the capacity to sue on her son's behalf.[3] On appeal, we are presented only with the narrow question of whether the district court's dismissal of the complaint with prejudice was proper. This Court concludes that dismissal with prejudice was inappropriate in the instant case.

In federal court, the issue of capacity to sue on behalf of an incompetent person is governed by Fed.R.Civ.P. 17(c). Rule 17(c) provides:

Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. If an infant or incompetent person does not have a duly appointed representative he may sue by his next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.

On first blush, because Graves represented Daniel as his temporary guardian, it might appear that no one but Graves could sue on Daniel's behalf. Graves correctly points out that the court's power to appoint a guardian ad litem or next friend[4] under 17(c) is limited when the minor or incompe-

tent has a legal representative. 6 C. Wright & A. Miller, Federal Practice and Procedure: *Civil* § 1570, at 774 (1971).

But the courts have consistently recognized that they have inherent power to appoint a guardian ad litem [or next friend] when it appears that the minor's [or incompetent person's] general representative has interests which may conflict with those of the person he is supposed to represent.

*Hoffert v. General Motors Corp.*, 656 F.2d 161, 164 (5th Cir.1981) *cert. denied*, 456 U.S. 961, 102 S.Ct. 2037, 72 L.Ed.2d 485 (1982); 6 C. Wright & A. Miller, *supra*, at 774.

Mirella Adelman's complaint on behalf of Daniel directly alleged that Graves failed in his representative capacity as Daniel's guardian. Taken at face value, the complaint showed a conflict of interest between Graves and Daniel Adelman. At that point, it was incumbent upon the district court to determine whether Daniel's interests were adequately protected by Graves' representation. 6 C. Wright & A. Miller, *supra*, at 775–76. Such an inquiry should be made on the court's own motion.[5] *See Roberts v. Ohio Casualty Insurance Co.*, 256 F.2d 35, 39 (5th Cir.1958). Appointment of a guardian ad litem or next friend is discretionary under Rule 17(c), provided that the district court enters a finding "that the interests of the [incompetent person] are adequately protected in the event it does not make such appointment." *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977). *See Noe v. True*, 507 F.2d 9, 11–12 (6th Cir.1974). No such findings were made in the instant case.

In *Roberts v. Ohio Casualty Insurance Co.*, this Court stated the general approach a district court should follow once it determines that a minor is inadequately repre-

---

**3.** The complaint made it clear that Daniel Adelman was the real party in interest. *See* Fed.R. Civ.P. 17(a). As the real party in interest, Daniel clearly had standing to assert the instant claims.

**4.** Technically, an incompetent plaintiff sues by a "next friend," while an incompetent defendant defends by a "guardian ad litem," but the duties

and powers of the representative are identical regardless of which title is applied. *Dacanay v. Mendoza*, 573 F.2d 1075, 1076 n. 1 (9th Cir. 1978).

**5.** This is particularly true, where the pleadings challenging the guardian's representation were filed *pro se*, as they were in the instant case.

sented. That approach is equally valid when determining the need for representation of an incompetent person.

Rule 17(c) provides in part:

"The court *shall* appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action *or shall* make such other order as it deems proper for the protection of the infant or incompetent person."

Rule 17(c) does not make the appointment of a guardian ad litem mandatory. If the court feels that the infant's [or incompetent person's] interests are otherwise adequately represented and protected, a guardian ad litem need not be appointed. *Wescott v. United States Fidelity & Guaranty Co.*, 4 Cir., 1946, 158 F.2d 20. But the rule does not mean that a trial judge may ignore or overlook such a fundamental requirement for the protection of infants [or incompetent persons]. We spell out the rule to mean: (1) as a matter of proper procedure, the court should usually appoint a guardian ad litem; (2) but the Court may, after weighing all the circumstances, issue such order as will protect the minor [or incompetent person] in lieu of appointment of a guardian ad litem; (3) and may even decide that such appointment is unnecessary, *though only after the Court has considered the matter and made a judicial determination that the infant [or incompetent person] is protected without a guardian.*

256 F.2d at 39 (emphasis added). *See also Noe v. True*, 507 F.2d at 11–12.

While making these determinations the district court should consider that access to the courts by aggrieved persons should not be unduly limited, particularly, as in the instant case, where an incompetent person raises allegations of violations of his rights attributable to his custodians, and further alleges a failure to act on the part of his legal guardian. *See Seide v. Prevost*, 536 F.Supp. 1121, 1132 (S.D.N.Y.1982); *Child v. Beame*, 412 F.Supp. 593, 599 (S.D.N.Y. 1976).

This Court does not hold that Mirella Adelman necessarily must be appointed as Daniel's representative in this litigation.[6] It is within the district court's discretion to determine Daniel's need for representation, and who may best fill that need. *See Developmental Disabilities Advocacy Center, Inc. v. Melton*, 689 F.2d 281, 285 (1st Cir.1982); *M.S. v. Wermers*, 557 F.2d at 174.

We hold only that the district court's primary concern in the instant case must be to assure, under Rule 17(c), that Daniel's interests in vindicating his statutory and constitutional rights are properly protected. Accordingly, the order of dismissal is reversed, and the case remanded for further proceedings consistent with this opinion.[7]

REVERSED AND REMANDED.

6. We do note however that Mirella Adelman appears to have had the capacity to represent Daniel at the time this case was dismissed. *See* Fed.R.Civ.P. 17(b) and 1983 Tex.Sess.Law.Serv., ch. 755 at 4553; Tex.Prob.Code Ann. § 113; Tex.Prob.Code Ann. § 31 (providing for suits brought by a next friend on behalf of an infant or incompetent). *See also Slade v. Louisiana Power and Light Co.*, 418 F.2d 125 (5th Cir.1969) *cert. denied*, 397 U.S. 1007, 90 S.Ct. 1233, 25 L.Ed.2d 419 (1970); *Quada v. Quada*, 396 S.W.2d 232, 234 (Tex.Civ.App.—Texarkana 1965, no writ); *McGinnis v. McGinnis*, 267 S.W.2d 432 (Tex.Civ.App.—San Antonio 1954, no writ).

7. Graves argues that the request for habeas corpus relief is moot because Daniel is now re-

leased from the hospital, and that any conflict between Daniel and his guardian is moot because a new guardian has been appointed. Any claims Daniel has against Graves are not moot. Moreover, it is not clear from the record that the request for habeas relief is moot. *See Justin v. Jacobs*, 449 F.2d 1017 (D.C.Cir.1971). Consequently, we leave these issues to the district court to determine on remand. Graves further argues that he did not act under color of state law while acting as Daniel's guardian. Consequently, he argues, no section 1983 claims can properly be brought against him. Graves' arguments go to the merits of this action which are not before this Court at this time.