**CHRISSY F., By Her Next Friend and Guardian Ad Litem Donna MEDLEY, Plaintiff–Appellant,**

v.

**MISSISSIPPI DEPARTMENT OF PUBLIC WELFARE, et al., Defendants–Appellees.**

No. 88–4716.

United States Court of Appeals, Fifth Circuit.

Sept. 11, 1989.

Sheila Brogna, Legal Services For Children, Inc., Daniel S. Mason, Ronald Elsberry, San Francisco, Cal., for plaintiff-appellant.

Charles Bearman, Leslie Scott, Mike Moore, Atty. Gen., John T. Kitchens, Robert G. Jenkins, Asst. Attys. Gen., Jackson, Miss., for state defendants.

Thomas, McNeese, Aultman, Tyner, McNeese, Ruggin, Ltd., Columbia, Miss., for R. Douglass.

Larry O. Norris, Hattiesburg, Miss., for Timothy C. Foxworth.

Before GOLDBERG, JOHNSON, and DUHE, Circuit Judges.

DUHE, Circuit Judge:

Donna Medley appeals the district court's dismissal of a complaint alleging civil rights violations and pendent state claims which she filed on behalf of an infant, Chrissy F. We reverse and remand.

Medley's complaint alleges the following facts which, for present purposes, we assume to be true: Chrissy's father, Timothy Foxworth, sexually abused her. Her mother, Dorrie Singley, divorced Foxworth because of this behavior. A Mississippi state court awarded custody of Chrissy to Singley but later awarded custody to Foxworth. Singley presented medical evidence of Chrissy's sexual abuse to the county welfare department, the county district attorney, and the judge handling the custody case. These officials did not adequately investigate the case or take any action to protect Chrissy. Subsequently Singley covertly placed Chrissy with another family in order to protect her from Foxworth. Shortly thereafter Singley died. Chrissy resurfaced in San Francisco, California where, through the efforts of an attorney from Legal Services for Children, Inc., a California state court placed Chrissy in the temporary custody of the San Francisco Department of Social Services (DSS). Medley provided a foster home for Chrissy while she was in the temporary custody of DSS. Based on assurances made by Mississippi officials at a detention hearing, the California court ordered Chrissy returned to Mississippi. After Chrissy's return to Mississippi, the California court later determined that Mississippi officials had not met the conditions set for Chrissy's return and appointed Medley guardian *ad litem* for Chrissy.

Medley filed suit in federal district court in Mississippi as "next friend" and guardian *ad litem* of Chrissy alleging that various Mississippi officials and agencies had violated Chrissy's civil rights. She also alleged pendent state law theories against Foxworth. Finding Medley's action inextricably intertwined with the Mississippi state court's judgment awarding custody of Chrissy to Foxworth, the district court dismissed it for lack of subject matter jurisdiction.

Medley appeals contending that the complaint does not seek review of the custody decree but rather alleges that lack of an adequate investigation of Chrissy's case by Mississippi officials violated Chrissy's federal constitutional and statutory rights. Appellees challenge, *inter alia*, Medley's capacity to sue on Chrissy's behalf arguing that the California court did not have jurisdiction of the case therefore Medley's appointment as guardian *ad litem* was void *ab initio*. They further argue that even if it was valid, it would not give Medley capacity to sue on behalf of Chrissy in this action because under Fed.R.Civ.P. 17(b), Medley must comply with Mississippi law to validly represent Chrissy in federal district court in Mississippi. Medley has not complied with Mississippi law. In her appellate brief, Medley abandons the contention that she is suing as Chrissy's guardian *ad litem* (an apparent acknowledgment of the correctness of defendant's argument that the California court lacked jurisdiction) and states that she is suing as Chrissy's "next friend". Appellees respond that Medley is not a "proper" next friend. They note that Medley only knew Chrissy briefly and that this contact resulted from a parental kidnapping.

The issue of capacity to sue on behalf of an infant is governed by Fed.R.Civ.P. 17(b) and (c). Rule 17(b) provides that when an individual is acting in a representative capacity, their capacity to sue shall be determined by the law of the state in which the district court is held. Rule 17(c) provides:

Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian *ad litem*. The court shall appoint a guardian *ad litem* for an infant or incompetent person not otherwise represented in an

action or shall make such other order as it deems proper for the protection of the infant or incompetent person.

The courts have extended the authority to appoint a guardian *ad litem* to the situation where the general representative's interests conflict with those of the person she is supposed to represent. *Adelman on Behalf of Adelman v. Graves*, 747 F.2d 986 (5th Cir.1984); *Hoffert v. General Motors Corp.*, 656 F.2d 161, 164 (5th Cir.1981) *cert. denied*, 456 U.S. 961, 102 S.Ct. 2037, 72 L.Ed.2d 485 (1982); Wright and Miller, *Federal Practice and Procedure:* Civil § 1570. Furthermore, when the complaint shows a conflict of interest between a general guardian and an infant, the court should, *on its own motion*, determine whether the infant's interests are adequately protected by the general guardian's representation. *Adelman*, 747 F.2d at 988. In making this determination the district court should consider that access to the courts by aggrieved persons should not be unduly limited, particularly where the complaint alleges a custodian has violated an infant's rights. *Adelman*, 747 F.2d at 989.

Medley's complaint on behalf of Chrissy shows a conflict of interest between Chrissy and her father, the person who would be expected to assert Chrissy's legal rights. Furthermore, Medley's interests and Chrissy's are not necessarily the same. We note that "however worthy and highminded the motives of 'next friends' may be, they inevitably run the risk of making the actual [party] a pawn to be manipulated on a chess board larger than his own case." *Lenhard v. Wolff*, 443 U.S. 1306, 1312, 100 S.Ct. 3, 61 L.Ed.2d 885, 890 (1979). Medley is a resident of California, she is not related to Chrissy, and she only provided foster care for her for about two weeks. Under these circumstances, we can only speculate as to Medley's motive for pursuing this action in federal district court in Mississippi and, absent contradictory factual findings, we cannot safely assume that Medley would necessarily protect only Chrissy's interests.

* See 887 F.2d 80.

We do not hold that Medley should or should not be appointed Chrissy's representative in this litigation. It is within the district court's discretion to determine Chrissy's need for representation and who may best fill that need. We merely hold that the district court must either appoint a guardian *ad litem* or next friend who qualifies under Mississippi law or enter a finding that Chrissy's interests are adequately protected without such an appointment.

We note that if the district court determines Medley is the appropriate person to represent Chrissy, it has the discretion to see if Medley is able to qualify as Chrissy's representative under Mississippi law in accordance with Fed.R.Civ.P. 17(b) so that the action may be continued without prejudice to the parties. Wright and Miller, *Federal Practice and Procedure*, Civil § 1571.

The district court's primary concern on remand should be to assure that Chrissy's interests in vindicating her statutory and constitutional rights are properly protected. The order of dismissal is reversed, and the case remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.