948 F.2d 1282
 21 Fed.R.Serv.3d 444
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Nicholas J. MYLO, Plaintiff-Appellant,
v.
BOARD OF EDUCATION OF BALTIMORE COUNTY, Defendants-Appellees.
 No. 91-2563.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 19, 1991.
Decided Nov. 18, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. William M. Nickerson, District Judge. (CA-88-120-WN)
 Nicholas J. Mylo, appellant pro se.
 Henry Emslie Parks, County Attorney, Baltimore County Office of Law, Towson, Md., for appellee.
 D.Md.
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 Before K.K. HALL, MURNAGHAN and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 This action was brought under the Education of the Handicapped Act, 20 U.S.C.A. §§ 1400-1485 (West 1990 & Supp.1991), challenging the appropriateness of the educational placement of Nicholas J. Mylo, IV (Nick). The action, filed by Nick's father, Nicholas J. Mylo, III (Mylo), was initially styled in Nick's name; on the objection of the Defendant board of education that Nick was a minor who could not sue in his own name, the complaint was amended to name Mylo as Plaintiff. Mylo proceeded pro se. Based on Mylo's repeated disobedience of court orders, the district court, after a warning and show cause hearing, held Mylo in contempt, imposed a five-hundred-dollar fine, and dismissed the action with prejudice. We find no abuse of discretion in the district court's imposition of these sanctions against Mylo personally for his flagrant disregard of the court's orders. We remand, however, for the district court to determine whether Nick's interests have been adequately protected.
 
 
 2
 The purpose of the Education of the Handicapped Act is to assure that all handicapped children have available a free appropriate public education, and to assure that the rights of handicapped children and their parents are protected. 20 U.S.C.A. 1400(c). This Court has held that both the child and the parents have a right to bring suit under the Act. Shook v. Gaston County Bd. of Educ., 882 F.2d 119, 121 (4th Cir.1989), cert. denied, 58 U.S.L.W. 3528 (U.S.1990). Here, the action was initially styled in Nick's name and the pleadings asserted his rights as well as his father's. Although his father failed to specify that he was suing in his own name and as next friend for Nick, we think this is the import of the pleadings. Cf. Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th Cir.) (pro se litigants may require assistance in designating proper parties), cert. denied, 439 U.S. 970 (1978).
 
 
 3
 This being the case, Nick's claims should not be subject to dismissal based on his father's misconduct of the litigation. A dismissal for failure to comply with a court order is analyzed under Fed.R.Civ.P. 41(b). In exercising its discretion under Rule 41(b), the court must consider the degree of personal responsibility of the plaintiff, the amount of prejudice to the defendant, the existence of a history of deliberate dilatoriness, and the existence of less drastic sanctions. Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.1989), cert. denied, 58 U.S.L.W. 3527 (U.S.1990).
 
 
 4
 Nick was not personally responsible for any of the difficulties in the district court. Although Mylo forfeited his own interests by his conduct of the litigation, it is inappropriate to punish Nick for the behavior of his next friend. Cf. Doyle v. Murray, 938 F.2d 33, 35 (4th Cir.1991) (dismissal of client's action was inappropriate sanction for attorney misconduct).
 
 
 5
 Although the board of education was frustrated in its attempt to complete this litigation by Mylo's refusal to obey the court's orders, this prejudice was not a result of Nick's conduct, and the board's obligation to provide Nick an appropriate education remains. The dismissal of the action as to Mylo is a sufficiently severe sanction to counterbalance the prejudice suffered by the board.
 
 
 6
 The question remains how the action should proceed on remand. Nick, who was sixteen when this action was filed, has now obtained the age of majority under Maryland law.* We are unable to determine from the present record, however, whether Nick is competent to pursue this litigation on his own behalf. Thus, on remand, the district court should determine whether Nick has the capacity to and wishes to pursue this action in his own name. If he does, he should be allowed to proceed without being prejudiced by his father's previous conduct of the litigation. If, on the other hand, Nick remains under a disability, the district court has the authority under Fed.R.Civ.P. 17(c) to make such order as it deems proper for his protection. See Adelman ex rel. Adelman v. Graves, 747 F.2d 986 (5th Cir.1984) (remanding for district court to determine whether person under disability needed additional representation and who that representative should be).
 
 
 7
 For the reasons stated, we affirm the contempt sanction and the dismissal of Mylo's claims. We vacate in part, however, to permit the district court to assure that Nick's interests are adequately protected. We deny Mylo's motions for injunctive relief pending appeal and for preparation of a transcript at government expense. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED IN PART; VACATED AND REMANDED IN PART.
 
 
 
 *
 Under Md.R. 2-202(b), an individual under disability to sue may sue by a guardian or next friend. Md.R. 1-202(k) defines "individual under disability" as an individual under the age of eighteen years or incompetent by reason of mental incapacity