**Terry INGRAM, By and Through Robert INGRAM, His Next Friend, Plaintiff,**

v.

**Frank AINSWORTH, Individually and in His Official Capacity as Sheriff of Copiah County, Mississippi; Shirley Givens, Individually and in His Official Capacity as Administrator of Copiah County, Mississippi; and The Unnamed Jailers of the Copiah County Jail, Individually and in their Official Capacities, Defendants.**

Civ.A. No. 3:98–CV–582BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

Jan. 20, 1999.

Shirley Payne, Horn & Payne, Jackson, MS, Robert K. Morgan, Varas & Morgan, Hazlehurst, MS, for plaintiff.

James D. Shannon, James D. Shannon, Attorney, Hazlehurst, MS, for defendants.

## OPINION AND ORDER

BARBOUR, District Judge.

The Court has before it the Motion of Defendants to Dismiss for Lack of Standing. After considering the Motion, Response and supporting and opposing memoranda submitted by the parties, the Court rules that the Motion to Dismiss is not well taken and is hereby denied.

## I. BACKGROUND

Robert Ingram filed this action as next friend of his son, Plaintiff Terry Ingram, an inmate incarcerated by Copiah County, Mississippi. The Complaint names as Defendants two officials and ten unnamed jailers of Copiah County, Mississippi, in their individual and official capacities. The Complaint alleges that Defendants failed to classify Terry Ingram as mentally ill and as a pretrial detainee; acted with deliberate indifference to the medical needs of Terry Ingram; and committed assault on Terry Ingram. The Complaint identifies Terry Ingram as a mentally incompetent person as defined at Miss.Code Ann. § 41–21–61(e) *et seq.* In their Motion to Dismiss, Defendants "challenge the standing of Robert Ingram to bring suit on behalf of his son due to the absence of a proper hearing by a court of competent jurisdiction, complying with due process requirements, appointing or authorizing Robert Ingram to act as [Terry Ingram's] legal representative." Brief in Support of Motion of Defendants to Dismiss for Lack of Standing at 3.

## II. LEGAL STANDARD

The Motion before the Court is styled as one to Dismiss for Lack of Standing. Rule 12(b)(6) provides for dismissal of a case "if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegation." *Baton Rouge Bldg. & Constr. Trades Council v. Jacobs Constructors, Inc,* 804 F.2d 879, 881 (5th Cir. 1986) (citing *Hishon v. King & Spalding,* 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). It must be clear on the face of the complaint that the plaintiff "can prove no set of facts in support of his claim which would

entitle him to relief." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir.1995) (citations omitted). All material allegations in the Complaint must be taken as true and construed in the light most favorable to the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983).

## III. DISCUSSION

Rule 17(c) of the Federal Rules of Civil Procedure provides as follows:

Whenever an infant or incompetent person has a representative ... the representative may sue or defend on behalf of the infant or incompetent person. An infant or incompetent who does not have a duly appointed representative may sue by a next friend or by a *guardian ad litem.*

The United States Court of Appeals for the Fifth Circuit has held that the term "incompetent person" in Rule 17(c) refers to "a person without the capacity to litigate." *Thomas v. Humfield,* 916 F.2d 1032, 1035 (5th Cir.1990), *aff'd,* 32 F.3d 566 (5th Cir. 1994), *cert. denied,* 513 U.S. 1167, 115 S.Ct. 1138, 130 L.Ed.2d 1098 (1995). The court explained that the law of an individual's domicile may determine the competence of that individual to sue, but rejected "the notion that in determining whether a person is competent to sue in federal court a federal judge must use the state's procedures for determining competency or capacity." *Id.* Accordingly, "a federal procedure better preserves the integrity and interests of the federal courts," and the district court "may apply any procedure that meets the requirements of due process." *Id.*

The overarching policy concern is that the court protect the interests and rights of the allegedly incompetent individual. *Chrissy F. v. Mississippi Department of Public Welfare,* 883 F.2d 25, 27 (5th Cir.1989). Certain courts have found a conflict of interest between the interests of an incompetent individual and an appointed or self-appointed guardian or next friend. *See, e.g., Thomas v. Humfield,* 916 F.2d at 1033 (finding a lack of due process where the district court's deter-

mined that the plaintiff was incompetent based solely on medical evaluations requested by the defendants). As the Fifth Circuit has noted, "however worthy and high-minded the motives of 'next friends' may be, they inevitably run the risk of making the actual [party] a pawn to be manipulated on a chess board larger than his own case." *Chrissy F.*, 883 F.2d at 26 (*quoting Lenhard v. Wolff*, 443 U.S. 1306, 1312, 100 S.Ct. 3, 61 L.Ed.2d 885 (1979)).

More commonly, a next friend or guardian acts consistently with the interests of the incompetent party. The district court is authorized to appoint a next friend or to allow a self-appointed individual to serve as a next friend in order to protect the interests of the incompetent party. *Adelman v. Graves*, 747 F.2d 986 (5th Cir.1984) (overturning a district court decision dismissing a complaint for mother's lack of standing when suing on behalf of her daughter). There are no special requirements for serving as a next friend. At its discretion, the court may consider whether there is a significant relationship between the next friend and the incompetent party and whether there is a legitimate reason why the actual party cannot bring suit. *See T.W. v. Brophy*, 954 F.Supp. 1306 (D.C.Wis.1996) (disallowing a child advocate to act as next friend of a minor); *Bradley v. Harrelson*, 151 F.R.D. 422 (M.D.Ala.1993) (allowing father to sue as next friend of son, an incompetent inmate).

The court may also consider evidence as to whether the incompetent party approves of the suit in question. *Bodnar v. Bodnar*, 441 F.2d 1103 (5th Cir.1971) (affirming dismissal of a case where plaintiff refused to submit to a mental examination but may have lacked mental competency to understand litigation she had instituted); *Developmental Disabilities Advocacy Center, Inc. v. Melton*, 689 F.2d 281 (1st Cir.1982) (determining that the district court did not abuse its discretion by denying standing to a next friend when there was evidence that the allegedly incompetent party disapproved of the action). *See also* *Anthony v. National Bank of Commerce*, 468 So.2d 41, 44 (Miss.1985) (holding that the fact that someone handles the legal affairs of an elderly individual "does not necessarily mean that such person cannot be mentally aware of things, or that he has lost his reasoning processes").

Defendants in the present case argue that Plaintiff has presented no evidence of an adjudication of mental illness pursuant to state law. They argue that an admission or commitment to a treatment facility or a mere finding of a need for treatment does not constitute legal incompetency under Miss. Code Ann. §§ 41–21–71 and 41–21–107. They also argue that Terry Ingram is not a minor and has been at odds with his father, Robert Ingram, who not only filed this suit on behalf of his son, but also previously filed criminal charges against his son leading to his incarceration.

Counsel for Plaintiff responds that, at the time this suit was filed on his behalf, Terry Ingram was intermittently unconscious due to a head injury which is the basis of this suit. Terry Ingram has submitted an affidavit stating, "I wanted my father to act for me and I gave my permission for him to continue to act for me until I feel certain I can act for myself." Affidavit of Terry Ingram, at 1. As to Defendants charge that there is a conflict of interest between Plaintiff and his father, Terry Ingram attested, "My father was trying to help me by getting me committed. . . . There is no problem between me and my father because he had to file charges to get me picked up." *Id.* at 2. Counsel for Plaintiff explains that Terry Ingram may assume responsibility for this case if and when he is restored to a consistent, competent state of mind.

The Court finds that Robert Ingram is suitable to serve as next friend of his son, Terry Ingram, in the present suit.[1] Defendants attempt to imply a conflict of interest between Robert Ingram and his son. While the facts before the Court are not entirely clear, it appears that Robert Ingram previ-

---

1. Rule 12 provides that a Motion to Dismiss may be considered as a Motion for Summary Judgment if the parties present and the court considers evidence beyond the pleadings. The Court relies in part on the sworn affidavit of Terry Ingram, but declines to convert the preliminary issue of standing into a question of summary judgment.

ously had his son arrested by or committed to the care of the State of Mississippi. The Court finds that Terry Ingram approves of the present suit and that Robert Ingram may properly serve as next friend due to his son's uncertain medical and mental conditions. Accordingly, the Motion of Defendants to Dismiss for Lack of Standing is denied. The Court advises counsel for Plaintiff that Robert Ingram should be removed from this case as next friend at such time as Terry Ingram is able to be consistently responsible in this matter.

## IV. CONCLUSION

Based on the reasons set forth in this Opinion:

IT IS THEREFORE ORDERED that the Motion of Defendants to Dismiss for Lack of Standing [2] is not well taken and is hereby denied.