UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

In Re: TODD W. SHORT,
*Debtor.*

TODD W. SHORT,
*Appellant,*

v.

WILLIAM E. LOOSE; PAYPAL,
INCORPORATED; CHARTER
COMMUNICATIONS; UNITED STATES
BANKRUPTCY ADMINISTRATOR,
*Appellees.*

No. 03-1418

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CA-03-48-1, BK-02-11094)

Submitted: July 1, 2003

Decided: August 8, 2003

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

**COUNSEL**

Todd W. Short, Appellant Pro Se. John Lawrence Bramlett, Charlotte, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Todd Wilson Short noted this appeal from the district court's order dismissing his appeal from several bankruptcy court orders. The district court dismissed the appeal noting that Short had been declared incompetent by the General Court of Justice, Superior Court Division, Buncombe County, North Carolina, and a guardian had been appointed to represent his interests. Therefore, the court concluded that Short lacked the capacity to note the appeals. For the reasons that follow, we vacate the district court's order and remand for further proceedings.

Short asserted that the general guardian appointed by the North Carolina court was not acting in his or his bankruptcy estate's best interest. When such a conflict exists, the court is required to determine whether appointment of a guardian ad litem is necessary to protect the interests of the ward, even if the incompetent person already has a general representative. *See* Fed. R. Civ. P. 17(c); *T.W. ex rel. Enk v. Brophy*, 124 F.3d 893, 896 (7th Cir. 1977); *Adelman ex rel. Adelman v. Graves*, 747 F.2d 986, 988 (5th Cir. 1984); *Hoffert v. General Motors Corp.*, 656 F.2d 161, 164 (5th Cir. 1981). The determination of the need to appoint a guardian ad litem is reviewed for abuse of discretion. *See Gardner ex rel. Gardner v. Parson*, 874 F.2d 131, 138-39 (3d Cir. 1989); *Hoffert*, 656 F.2d at 164.

The district court's failure to exercise its discretion by considering whether Short was adequately represented by his general guardian requires that we remand this case to the district court for the proper inquiry pursuant to Federal Rule of Civil Procedure 17(c) and the court's inherent powers. *See James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993); *see also Adelman*, 747 F.2d at 988 (remanding case where district court failed to consider adequacy of guardian's representation of ward).

Accordingly, we grant Short's motion for leave to proceed in forma pauperis, vacate the district court's order dismissing Short's appeals from the bankruptcy court, and remand the case to the district court for an inquiry into the adequacy of the general guardian's representation of Short's interests. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*