# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2014

Lyle W. Cayce
Clerk

No. 14-30095

TOMMIE RICE, Next Friend on behalf of Minors CIR and GMR; PHYLLIS RICE, on behalf of minors CIR and GMR,

Plaintiffs-Appellees

v.

CORNERSTONE HOSPITAL OF WEST MONROE, L.L.C.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:13-CV-362

Before REAVLEY, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

In this interlocutory appeal, Defendant Cornerstone Hospital of West Monroe, L.L.C. appeals from the district court's order permitting Tommie Rice to pursue wrongful death claims as next friend of his grandchildren, minors CIR and GMR. Cornerstone's primary argument is that the appointment of Rice as next friend was inappropriate because the mother of the children is the only proper party to sue on the children's behalf, but she has elected not to join

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30095

the suit as a party. We conclude that the district court acted properly under the circumstances to protect the interests of the children, and we therefore AFFIRM.

I.

In 2007, Joshua Rice was seriously injured in a car accident. Over the next several years, he received treatment at multiple facilities, including Defendant Cornerstone Hospital of West Monroe, where he was a patient from December 2011 to January 2012. During that treatment, Cornerstone's alleged negligence caused Joshua to suffer a hip fracture, which was not discovered until after he was transferred to another hospital for an organ transplant. The injury caused by Cornerstone allegedly prevented Joshua from receiving the transplant, and he died in May 2012. Joshua had been married to Candice Rousso, whom he divorced in 2008, and the couple had two minor children, CIR and GMR.

In January 2013, Joshua's parents, Tommie and Phyllis Rice, filed the instant wrongful death suit in state court against Cornerstone, purportedly as next friends of their grandchildren. Cornerstone removed the action to federal court and moved to dismiss on the ground that the court lacked subject matter jurisdiction because the Rices lacked standing to file suit on behalf of the minors. Cornerstone argued that Rousso, as the children's mother, was the proper person to pursue the suit, and that she should either be joined or the case should be dismissed. In opposition to the motion, the Rices submitted copies of state court orders appointing Tommie as tutor *ad hoc* and Phyllis as under-tutrix *ad hoc* for the minor children.

Addressing the issue as one of capacity to sue rather than standing, the district court determined that under Louisiana law Candice Rousso, as the surviving parent, held the exclusive tutorship of the minor children, and that Tommie and Phyllis Rice were therefore not the proper parties to file suit on

2

No. 14-30095

their behalf.  Although the state court purported to appoint the Rices as tutor and under-tutrix, the district court held that the appointment was an absolute nullity under state law because there was no indication that Rousso had ever received notice of the tutorship proceeding.  *See In re Tutorship of Cardenas*, 38 So. 3d 1284, 1286-87 (La. Ct. App. 2010).  The court therefore dismissed the Rices from the case because they lacked capacity to prosecute the suit on behalf of the minors.  Rather than dismiss the whole suit, however, the court also ordered that notice of the case be sent to Rousso, who lived in Arkansas.  Rousso was to appear and join the case as the proper party plaintiff on behalf of the children, or show cause in writing why Tommie Rice, or some other qualified person, should not be appointed as next friend of the minors to prosecute the matter.

Rousso did neither, remaining silent in the face of the court's notice of the suit.  Cornerstone moved for summary judgment, which the district court denied, and also moved for reconsideration, which was also denied.  The district court *sua sponte* appointed Tommie Rice as next friend or guardian *ad litem* to prosecute the suit on behalf of the minors.  The district court further certified its orders for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and we granted Cornerstone permission to appeal.

## II.

Cornerstone argues that the district court erred by appointing Tommie Rice as next friend of the minor children because the children are represented by their mother as their natural tutor, and she declined to join in the case as a party plaintiff.  It contends that the district court thereby usurped the mother's parental authority over her children.  We are unpersuaded.

"An unemancipated minor has no legal capacity; he may neither enforce nor relinquish rights and may only act through his parents, if both are alive and not legally separated or divorced, or through a court-designated tutor or

tutrix." *Johnson v. Ford Motor Co.*, 707 F.2d 189, 193 (5th Cir. 1983). "The issue of capacity to sue on behalf of an infant is governed by Fed. R. Civ. P. 17(b) and (c)." *Chrissy F. by Medley v. Miss. Dep't of Pub. Welfare*, 883 F.2d 25, 26 (5th Cir. 1989). Pursuant to this rule, "when an individual is acting in a representative capacity, their capacity to sue shall be determined by the law of the state in which the district court is held." *Id.* As noted above, the district court initially determined that Tommie and Phyllis Rice lacked the capacity to sue and were not the proper parties to prosecute this action on behalf of the minors because, under Louisiana law, Candice Rousso, the minors' mother, retained the exclusive tutorship of the children. *See* La. Civ. Code art. 250; La. Code Civ. Proc. art. 4061.1. No party challenges this ruling on appeal, and we are concerned only with whether the district court could properly appoint a next friend or guardian *ad litem* notwithstanding the mother's tutorship.[1]

The appointment of a next friend or guardian *ad litem* to act on behalf of a minor is a procedural question governed by Rule 17(c). *Roberts v. Ohio Cas. Ins. Co.*, 256 F.2d 35, 38 (5th Cir. 1958). Rule 17(c) requires the court to appoint a guardian *ad litem* for a minor who is unrepresented. *See* Rule 17(c)(2). Cornerstone contends that the minors here were not unrepresented because of the mother, Rousso, and that the district court failed to determine the appropriateness of substituting a next friend for Rousso, or the qualifications of Tommie Rice to prosecute the case on the minors' behalf.

As a general matter, "a federal court cannot appoint a guardian *ad litem* in an action in which the infant or incompetent already is represented by someone who is considered appropriate under the law of the forum state." 6A

---

[1] We use the terms "next friend" and "guardian *ad litem*" interchangeably, as the technical differences between them have been relegated to history, and the powers and duties of the positions are identical. *See Adelman by Adelman v. Graves*, 747 F.2d 986, 988 n.4 (5th Cir. 1984).

No. 14-30095

Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1570, p. 665 (2010); *see also T.W. & M.W. by Enk v. Brophy*, 124 F.3d 893, 895-96 (7th Cir. 1997).  It is well recognized, however, that "Rule 17(c) empowers a federal court to appoint a next friend if the infant's legal representative is unable or refuses to act."  *Susan R.M. by Charles L.M. v. Ne. Indep. Sch. Dist.*, 818 F.2d 455, 458 (5th Cir. 1987); *see also Ad Hoc Comm. of Concerned Teachers v. Greenburgh No. 11 Union Free Sch. Dist.*, 873 F.2d 25, 29 (2d Cir. 1989) (Rule 17(c) "gives a federal court power to authorize someone other than a lawful representative to sue on behalf of an infant or incompetent person where that representative is unable, unwilling or refuses to act or has interests which conflict with those of the infant or incompetent.").

In this case, it is undisputed that the minors have standing to assert their claims for wrongful death; however, they lack the legal capacity to do so. Although the minors' mother was given notice of the suit and an opportunity to join the suit or express objection to the appointment of a next friend for purposes of the litigation, she did not respond.  Under Cornerstone's view, this silence alone would indicate disapproval of the suit and defeat the claims.  But we have recognized that "Louisiana courts have long been reluctant to accept the extinction of minors' substantive and procedural claims by default or waiver." *Johnson*, 707 F.2d at 194.  It was reasonable, therefore, for the district court to conclude that the mother is unable, unwilling, or refuses to act.  The mother's inability or unwillingness to pursue the claims on the minors' behalf, as reflected by her silence, has essentially left the children unrepresented. Under these circumstances, it was especially important for the district court to exercise oversight of the minors' interests and to be protective of their claims. *See id.*  Rather than usurping any interests of the mother, who has failed to object to the suit or indicate her view one way or the other, the district court's

5

action merely preserved potential claims possessed by the minors.[2] We express no view on whether our holding would apply to a case in which a parent expressly objects to the filing of a lawsuit on her child's behalf. *See Troxel v. Granville,* 530 U.S. 57, 72-73, 120 S. Ct. 2054, 2064 (2000) (plurality opinion) ("[T]he Due Process Clause does not permit a State to infringe on the fundamental right of parents to make child rearing decisions simply because a state judge believes a 'better' decision could be made.").

Cornerstone complains that the district court did not consider the qualifications of Tommie Rice to act as next friend, but "[i]t [was] within the district court's discretion to determine [the minors'] need for representation and who may best fill that need." *Chrissy F.,* 883 F.2d at 27. We perceive no abuse of discretion in the district court's appointment of the minors' paternal grandfather as their next friend.

AFFIRMED.

---

[2] It should go without saying that we express no opinion on the merits of the claims in this interlocutory appeal.