BROWN, C.J.
Centenary College of Louisiana ("Centenary") and several of its police officers are the defendants in an action filed in federal court by Deborah McCauley on behalf of her three minor grandchildren. Ms. McCauley sought and obtained an ex parte order of provisional tutorship in the 1st J.D.C. to file the lawsuit, which seeks damages arising out of the death of her son, Marcus McCauley. Centenary has taken the instant appeal from the trial court's adverse ruling on Centenary's motion to vacate the provisional tutorship appointment of Ms. McCauley. For the reasons set forth below, we reverse the trial court's judgment and vacate the provisional tutorship appointment.
FACTS/PROCEDURAL BACKGROUND
Jennifer Spears and Marcus McCauley were married on May 3, 2009, and divorced on February 14, 2013. During their time together, they had three children: LNM, VAM, and KVM. In 2013, a Texas court granted Ms. Spears a divorce from Marcus on the grounds of cruelty and a felony conviction. The Texas court specifically found that Marcus had committed multiple acts of "family violence" against Ms. Spears and the children and issued a protective order. The court awarded Ms. Spears sole custody of the children and permanently enjoined Marcus from further contact with Ms. Spears and the children. Since that time, Ms. Spears has had sole custody of the children, and they lived in Texas before moving to Oklahoma.
Marcus died on November 20, 2014.[1] On November 19, 2015, his mother Deborah McCauley filed an ex parte petition for appointment of provisional tutor in the 1st J.D.C. In her petition, Ms. McCauley alleged that this appointment was sought for the sole purpose of acquiring procedural capacity so that she could, on behalf of her minor grandchildren, file a civil suit for damages arising out of the death of the children's father. The trial court signed an ex parte order appointing Ms. McCauley as provisional tutor and her ex-husband Larry as provisional undertutor, and the *257 federal suit against Centenary was filed in federal court the same day.
Centenary filed a motion to vacate the provisional tutorship on February 5, 2016. It was supported by an affidavit (attached to a supplemental memorandum in support of the motion) dated February 16, 2016, by Jennifer Spears, in which, inter alia , she attested that:
...
5.
I am aware that Deborah McCauley filed a petition in Caddo Parish Court to have herself appointed as "provisional tutrix" of my children. I was not contacted by Deborah McCauley or anyone on her behalf before that proceeding was filed and I received no notice of her intention to file it. Had I been contacted or notified, I would not have given Mrs. McCauley permission to file that proceeding or to attempt to take any action on behalf of my children.
6.
Sometime after that petition was filed, I was contacted by Patricia Gilley, who identified herself as the attorney of Deborah and Larry McCauley. Ms. Gilley informed me that Deborah McCauley had obtained the order of provisional tutorship and that she had filed a lawsuit against Centenary College and some of its security officers, alleging that those officers were legally liable for the death of Marcus McCauley. I told Ms. Gilley the following:
(1) I did not and do not authorize Deborah or Larry McCauley to seek any "tutorship" or to attempt to take any action on behalf of my children.
(2) I object to the order of provisional tutorship and would have objected before it was entered if I had been notified that the McCauleys were requesting the order.
(3) I desire that the order of provisional tutorship be vacated.
(4) I do not believe that the filing of any suit against Centenary College or its security officers is in the best interest of my children. In fact, I believe that such a suit is meritless. Marcus McCauley was violent and delusional. On more than one occasion, he stated to me that he wanted to "kill himself" by having a gunfight with the police.
(5) As the biological mother and sole person authorized to act on behalf of my children, I will not support such a suit and I desire that the suit already filed by Deborah McCauley, purporting to act on behalf of my children, be dismissed.
7.
I am now aware that the McCauleys have not vacated the order of provisional tutorship nor dismissed the lawsuit against Centenary and its officers.
8.
My position is still the same as described to Ms. Gilley[.]
...
The first hearing on the motion to vacate was held on June 27, 2016. The trial court heard oral argument, then set a follow-up hearing to allow time for the court to research the tutorship issue further. Both parties filed supplemental memoranda. The second hearing on the motion was held on July 18, 2016. The trial court heard additional argument, but again deferred ruling on the motion. The court acknowledged that the genuineness of Ms. Spears' affidavit and the truth of the statements made therein were undisputed, and that her position in opposition to the tutorship and suit was clear. However, the court advised the parties that it preferred to send an "order" to Ms. Spears via certified mail to require her to make an appearance *258 or filing in the 1st J.D.C. proceeding restating the facts set forth in her affidavit.
The third hearing on the motion to vacate was held on October 5, 2017. At this hearing, the trial court stated:
In any event, as you all will recall, the last time we were in court I indicated I was going to send an order to the mother of the minor children and requested she notify the court as to her intentions. Also my understanding from the court return [was] that the order was not claimed, therefore we have no response [from] her.
The court then denied Centenary's motion to vacate for the sole reason that Ms. Spears' affidavit had been offered by Centenary and not Jennifer Spears herself. The court noted that its preference was for Ms. Spears to have made a personal appearance or filing in the ex parte proceeding in the 1st J.D.C. A judgment denying the motion to vacate was signed on November 14, 2017. Centenary filed the instant appeal.
DISCUSSION
According to Centenary, the trial court committed legal error in its refusal to grant the motion to vacate because Centenary, not Jennifer Spears herself, had filed the affidavit setting forth Ms. Spears' objections to continuation of Ms. McCauley's provisional tutorship. Centenary also urges that the trial court's refusal to vacate the provisional tutorship order violates Louisiana's tutorship law.
Ms. McCauley urges this Court to affirm the lower court's ruling, urging that the "shotgun approach" taken by Centenary to have her provisional tutorship set aside was properly rejected by the trial court.
La. C.C. art. 250, which provides for tutorship by nature, provides in part that, upon the death of either parent, the tutorship of minor children belongs of right to the other. La. C.C. art. 248 provides in part that tutorship by nature takes place of right, but the natural tutor must qualify for the office as provided by law.
La. C.C.P. art. 4061.1 provides in part:
(A)(1) Notwithstanding Article 4061,[2] the natural tutor of a minor child may file an action for damages based on a delictual obligation without the necessity of qualifying as tutor pursuant to Article 4061 and without the necessity of qualifying as tutor pursuant to Article 4061 and without the necessity of filing a petition pursuant to Article 4031, if the natural tutor is ... the surviving parent of the minor child.
La. C.C.P. art. 683 provides in part:
(A) An unemancipated minor has no procedural capacity to sue.
(B) All persons having parental authority over an unemancipated minor must join as proper plaintiffs to sue to enforce a right of the minor, unless a joint custody implementation order otherwise applies. Nevertheless, with permission of the court, any person having parental authority may represent the minor whenever the other person having parental authority fails or refuses to do so. (Emphasis added).
Unemancipated minors lack judicial capacity, and, for that reason, cannot bring a tort action on their own. La. C.C.P. art. 683(A). In such a case, the action must be *259 brought on their behalf by their legal representative, namely, a parent, if the children are subject to parental authority. La. C.C.P. art. 683(B) ; see also, Pisauro v. Silvia , 2016 WL 8730584 (W.D. La. 2016).
La. C.C.P. art. 4070 provides that, on the application of an interested person or on its own motion, pending the appointment of a tutor , the court may appoint a qualified person as provisional tutor of a minor, if such appointment is necessary for the welfare of the minor or for the preservation of his property . La. C.C.P. art. 4071 provides in part that a provisional tutor shall continue in office until his appointment is terminated by the court or until a tutor has been qualified . (Emphasis added). See also, Official Revision Comment (a) to La. C.C.P. art 3073, which further notes that the provisional tutor's job is to keep matters in the status quo pending the appointment and qualification of a permanent tutor.
La. C.C.P. art. 4234 provides in part:
The court may remove any tutor who is or has become disqualified ... or if such removal would be in the best interests of the minor. The court on its own motion may order, and on motion of any interested party shall order the tutor to show cause why he should not be removed from office. (Emphasis added).
Centenary argues that it is an "interested party" within the scope of La. C.C.P. art. 4234 as it is a defendant in the federal action filed by Ms. McCauley as provisional tutor on behalf of the minor children. We agree.
"Provisional" is defined as "[p]rovided for the time being to supply a place to be occupied in the end by some more permanent arrangement; temporary or conditional," and "temporary; preliminary; tentative; taken or done by way of precaution or ad interim." See Black's Law Dictionary (10th ed. 2014), and, https:thelawdictionary.org/provisional.
As its very name indicates, a provisional tutorship is not intended to be permanent, but is merely an interim or temporary appointment which is made until, as set forth above, the appointment is either terminated by the court or a tutor has been qualified. See , La. C.C.P. arts. 4070, 4071.
On November 19, 2015, the day before the children's tort claim arising out of their father's death allegedly would have prescribed, their paternal grandmother, Ms. McCauley, filed the instant tutorship proceeding seeking appointment as provisional tutor for the sole purpose of filing a tort claim in federal court on their behalf. Ms. McCauley was granted provisional tutorship, and she instituted the federal lawsuit on behalf of the minor children that same day.
Louisiana law is clear that Jennifer Spears, the only living parent of the minor children and their natural tutor, is the proper legal representative to pursue a tort action on their behalf. La. C.C. art. 250 ; La. C.C.P. arts. 683(B), 4061.1.
At the time of Ms. McCauley's appointment as provisional tutor, Ms. Spears' objections were unknown to the trial court. However, the uncontested facts set forth in Ms. Spears' affidavit, filed by Centenary in conjunction with its motion to vacate the provisional tutorship, establish that: Ms. Spears, the biological mother of the minor children, is their sole custodian and, under Louisiana law, their natural tutor; Ms. Spears was not notified of Ms. McCauley's ex parte tutorship proceeding or the federal lawsuit filed on behalf of Ms. Spears' children, and would have objected to both had she received notice thereof; and, Ms. Spears objects to both the provisional tutorship and the lawsuit, believing the *260 tort suit to be without merit and contrary to the best interests of her minor children.
Pretermitting an analysis of the validity of the trial court's attempt to exercise jurisdiction over the out-of-state mother in order to have her "personally" voice her objections to continuation of the provisional tutorship, we find that Ms. Spears' affidavit is sufficient expression of her clear intent that the tutorship of Ms. McCauley be terminated. In fact, continuation of Ms. McCauley's provisional tutorship over Ms. Spears' objections constitutes an infringement upon her fundamental right as a fit parent to make decisions that affect the welfare and well-being of her minor children. See Troxel v. Granville , 530 U.S. 57, 73, 120 S.Ct. 2054, 2064, 147 L.Ed.2d 49 (2000), in which the Supreme Court observed that the Due Process Clause does not permit a state to infringe on the fundamental right of parents to make childrearing decisions simply because a state judge believes that a "better" decision could be made. See also, Rice ex rel. CIR v. Cornerstone Hospital of West Monroe, L.L.C. , 589 Fed.Appx. 688, 691 (5th Cir. 2014).
We therefore reverse the trial court's judgment denying the motion to vacate filed by Centenary and vacate the order of provisional tutorship of Deborah McCauley.
CONCLUSION
For the reasons set forth above, the judgment of the trial court is REVERSED. We hereby ORDER, ADJUDGE and DECREE that the ex parte order dated November 19, 2015, appointing Deborah McCauley as provisional tutor and Larry McCauley as under-tutor of the minor children LNM, VAM, and KVM is hereby VACATED. Costs of this appeal are assessed to Deborah McCauley.
APPLICATION FOR REHEARING
Before Felicia Toney Williams, Shonda D. Stone, James Mark Stephens, Jay Bowen McCallum, E. Joseph Bleich - Writing, JJ.
Rehearing denied.

Marcus McCauley was shot and killed on the Centenary campus in a confrontation with Centenary law enforcement officers.

La. C.C.P. art. 4061 provides that before a natural tutor enters upon the performance of his official duties, he must take an oath to discharge faithfully the duties of his office, cause an inventory to be taken or a detailed descriptive list to be prepared, and cause a legal mortgage in favor of the minor to be inscribed, or furnish security in the manner provided by law.