NELVA GONZALES RAMOS, UNITED STATES DISTRICT JUDGE
*774 Alfredo Alvarez (Alvarez) initially brought this action on behalf of his minor son, J.A., against Defendant Corpus Christi Independent School District (CCISD). J.A. has since turned 18 years old. Before the Court is Plaintiffs' motion to appoint Alvarez as J.A.'s next friend under Federal Rule of Civil Procedure 17, alleging that J.A. is mentally incapable of representing his own interests in this lawsuit. D.E. 48; D.E. 49. Defendant CCISD filed a response (D.E. 51), arguing that there is no evidence that J.A. has been declared incompetent or that Alvarez has been appointed J.A.'s legal guardian. Plaintiffs replied (D.E. 52).
Federal Rule of Civil Procedure 17(c)(2) provides that "[a]n incompetent person who does not have a duly appointed representative may sue by a next friend." Individuals are deemed incompetent for purposes of Rule 17 if they lack "capacity to litigate under the law of their domicile." Magallon v. Livingston , 453 F.3d 268, 271 (5th Cir. 2006). In Texas, "all that is necessary to be represented by a next friend is that the party merely be incapable, by reason of mental or bodily infirmity, of properly caring for his or her own interests in the litigation." Abbott v. G.G.E , 463 S.W.3d 633, 645 (Tex. App.-Austin 2015, pet. denied).
"[N]othing in Rules 17(b) or 17(c) requires that the threshold determination whether a litigant is of unsound mind be made according to Texas procedures." Thomas v. Humfield , 916 F.2d 1032, 1035 (5th Cir. 1990). District courts generally exercise discretion in determining the procedures for a next friend appointment under Rule 17. See ids="10539232" index="3" url="https://cite.case.law/f2d/916/1032/#p1035">id. (stating that the district court "may apply any procedure that meets the requirements of due process"); see also Burress v. Blake , No. 4:14-CV-35, 2016 WL 11475018, at *1 (E.D. Tex. Dec. 1, 2016) ("[T]he [c]ourt has discretionary authority to appoint a guardian ad litem or next friend under Rule 17(c)."); Ingram ex rel. Ingram v. Ainsworth , 184 F.R.D. 90, 92 (S.D. Miss. 1999) ("At its discretion, the court may consider whether there is a significant relationship between the next friend and the incompetent party and whether there is a legitimate reason why the actual party cannot bring suit.").
In their motion, Plaintiffs ask the Court to take judicial notice of educational records showing that J.A. suffers from Fetal Alcohol Syndrome, a congenital syndrome characterized by cognitive defects. According to Plaintiffs, J.A. functions at the level of a first or second grade child. CCISD does not dispute this evidence and there is no indication that a conflict of interest exists between J.A. and Alvarez.
CCISD argues that only a state-appointed guardian may sue in federal court on behalf of an incapacitated adult, citing to Rideau v. Keller Indep. Sch. Dist. , 819 F.3d 155, 163-64 (5th Cir. 2016). However, in Rideau , the minor had a legally appointed guardian. Id. at 165. The Fifth Circuit held that the minor's parents could not circumvent the guardian by filing suit on the minor's behalf absent a conflict of interest. Id. Here, J.A. does not have a state appointed representative and therefore, may sue by a next friend under Rule 17. See Fed. R. Civ. P. 17(c)(2).
Based on J.A.'s lack of capacity, by reason of mental infirmity, to properly care for his own interests and the fact that *775 Alvarez is J.A's father, who has been involved in this litigation since its initiation, the Court APPOINTS Alfredo Alvarez as J.A's next friend in this lawsuit.
ORDERED this 11th day of June, 2019.