818 F.2d 455
 39 Ed. Law Rep. 525
 SUSAN R.M., by Her Next Friend, CHARLES L.M., Plaintiff-Appellant,
v.
NORTHEAST INDEPENDENT SCHOOL DISTRICT, a Subdivision of the
Central Education Agency of the State of Texas, et
al., Defendants-Appellees.
 No. 86-5506
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 June 8, 1987.
 Charles L.M., Pro se.
 William T. Armstrong, III, Foster, Lewis, Langley, Gardner & Banack, Inc., Nan Porett Seidenfeld, San Antonio, Tex., for Northeast.
 Suzanne Formby, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for Texas Educ. Agency.
 Appeal from the United States District Court for the Western District of Texas.
 Before RUBIN, RANDALL, and HIGGINBOTHAM, Circuit Judges.
 ALVIN B. RUBIN, Circuit Judge:
 
 
 1
 The father of a handicapped child brought suit against the school district where he resided, claiming that the Education of All Handicapped Children Act (EAHCA)[1] required it to place his child in a residential psychiatric hospital with an in-house education program. Subsequently, the father allowed a state agency to become managing conservator of the child in order to facilitate her placement at a public psychiatric hospital. The state agency placed the child in a public hospital, but the father continues to pursue this suit against his school district because he wishes it to take responsibility for providing a residential education program for his daughter after she reaches her eighteenth birthday and becomes ineligible for continuation of the managing conservatorship. We affirm the decision of the district court that the father does not now have standing to pursue this action.
 
 I.
 
 2
 Charles L.M. brought this pro se action in May 1985 to compel the Northeast Independent School District of San Antonio (N.E.I.S.D.) to provide a residential placement with an in-house education program to his daughter, Susan R.M., who allegedly suffers from multiple handicaps and emotional disorders. While this action was still pending, deterioration in Susan's emotional condition led to an immediate need to find a placement for her in a psychiatric hospital. In order to faciliate placement, Charles L.M. obtained court appointment of Bexar County Child Welfare, Texas Department of Human Services, as Susan's managing conservator. In addition, a lawyer was appointed as Susan's attorney ad litem. The state agency became managing conservator on February 12, 1986, and placed Susan at the Waco Center for Youth on May 13, 1986, where she is treated at public expense.
 
 
 3
 The district court dismissed Charles L.M.'s action in December 1986, reasoning that: (1) The action is moot because Susan has moved out of the boundaries of the N.E.I.S.D.; and (2) Charles L.M. no longer has standing to pursue the action because the managing conservatorship, under Texas law, vests the right to bring actions on Susan's behalf in the Texas Department of Human Services. We affirm the judgment of the district court on the ground that Susan's father lacks standing.
 
 II.
 
 4
 Under Tex.Fam.Code Secs. 14.02(b) and 14.04, Susan's managing conservator, and not her father, has the authority to bring actions on her behalf. An infant's state-appointed legal representative may sue on behalf of the infant in federal court, pursuant to Fed.R.Civ.P. 17(c). In addition, however, this court held, in Hoffert v. General Motors Corp.,[2] that Rule 17(c) permits the appointment of a parent as "next friend" when the infant's legal representative has interests that may conflict with those of the infant. Furthermore, Rule 17(c) empowers a federal court to appoint a next friend if the infant's legal representative is unable or refuses to act.[3] Nothing in the federal rules, however, authorizes the parent of a child for whom a legal representative has been appointed to file an action without obtaining court authority to do so.
 
 
 5
 After Charles L.M. consented to the managing conservatorship, thereby relinquishing the general representation of his daughter to the Texas Department of Human Services, he did not seek or obtain court appointment of himself as next friend. We therefore agree with the district court's conclusion that he no longer has standing to pursue an action on her behalf. This does not foreclose, however, the as-yet undemonstrated possibility that the state is not meeting its duty under the EAHCA to provide appropriate public education to Susan at her current residence. Were the state not meeting its obligations, or were the attorney ad litem or the state agency derelict in performing their duties, Charles L.M., as Susan's father, might have the requisite interest in her welfare to qualify for appointment as next friend under Rule 17(c). At this time, however, he has neither sought nor received such an appointment.
 
 III.
 
 6
 Susan R.M. had stayed at a private hospital in San Antonio for six months before the managing conservator was appointed or was able to place her in a public institution. Charles L.M. asserts in his briefs on appeal, but without providing evidentiary support from the record and without having raised this issue in his pleadings before the district court, that he is entitled to money damages as compensation for the cost of this private hospitalization. Although he did raise this issue in his "Motion and Notice for Order Setting Hearing on Damages," filed in the district court on August 29, 1985, he did not meet the requirement in Fed.R.Civ.P. 15(a) of obtaining leave of court or the written consent of the adverse party to amend his pleadings. Nor was this issue tried by the express or implied consent of the parties under Fed.R.Civ.P. 15(b), as the district court did not grant the motion for default judgment on which Charles L.M. had premised the motion for a hearing on damages.
 
 
 7
 Had Charles L.M. properly asserted this claim, however, even though he lost standing to represent Susan when the Texas Department of Human Services became managing conservator, he would still have the right to seek recovery for damages allegedly resulting from the failure of the N.E.I.S.D. to provide residential placement for Susan before the appointment of the managing conservator. Because he did not plead this claim in the trial court, we do not consider it on appeal. Our refusal to do so is without prejudice either to his seeking leave from the district court to amend his complaint or to his filing a separate suit.
 
 IV.
 
 8
 Because Charles L.M. is proceeding pro se, we note some of the issues that might arise were he in the future to obtain standing. First, the location of Susan's residence determines which school district has a duty to provide her with an "appropriate public education" under the EAHCA. Texas Educ.Code Sec. 21.502(2) states that, when the state is managing conservator, a child's "resident district" is the district within which the student is placed by the state. The record shows Susan's most recent residence to be Waco, where she was placed in May 1986; however, the brief of Charles L.M. states that Susan was at least temporarily moved to San Antonio in August 1986. Susan R.M. has a right to public education from the N.E.I.S.D. only if the state has placed her within the boundaries of that school district.
 
 
 9
 As of August 1987, however, when Susan reaches the age of eighteen, she will no longer be under either state or parental custody. Under Fed.R.Civ.P. 17(c), therefore, Charles L.M. will not have standing to represent her unless he shows her to be incompetent.[4] Because Susan is not scheduled to finish high school before her eighteenth birthday, the state will still have, under Texas Educ.Code Sec. 21.031(b) and under the EAHCA,[5] a duty to provide public education until Susan graduates from high school or reaches the age of 21, whichever is earlier. Charles L.M. could not bring an action in federal court on Susan's behalf, however, without meeting the requirements of Rule 17(c).
 
 
 10
 When Susan reaches majority on her eighteenth birthday, her district of residence for educational purposes will be where she chooses to live[6] unless a state court finds her incompetent and appoints a guardian.[7] If a guardian is appointed, then the guardian will determine her place of residence. Thus, even if Charles L.M. then obtains an appointment giving him standing in federal court, he will be required to bring suit for Susan's education against the school district in which Susan has her legal residence.
 
 
 11
 For the above reasons, we AFFIRM the decision of the district court.
 
 
 
 [1]
 20 U.S.C. Sec. 1401 et seq. (1982 & Supp. III 1985)
 
 
 [2]
 656 F.2d 161, 164 (5th Cir. Unit A Sept. 1981), cert. denied sub nom. Cochrane & Bresnahan v. Smith, 456 U.S. 961, 102 S.Ct. 2037, 72 L.Ed.2d 485 (1982)
 
 
 [3]
 6 C. Wright & A. Miller, Federal Practice and Procedure Sec. 1570, at 774 (1971); 3A J. Moore & J. Lucas, Moore's Federal Practice Sec. 17.26, at 17-275 to 17-276 (2d ed. 1986)
 
 
 [4]
 See Fed.R.Civ.P. 17(b), 17(c); 3A J. Moore & J. Lucas, Moore's Federal Practice Secs. 17.16, 17.26, at 17-189 to 17-191, 17-272 (2d ed. 1986); Tex.Prob.Code Ann. Sec. 114 (Vernon 1987)
 
 
 [5]
 See 20 U.S.C. Sec. 1412(2)(B) (1982)
 
 
 [6]
 See Tex.Educ.Code Sec. 21.031(b) (Vernon 1987)
 
 
 [7]
 See Tex.Prob.Code Ann. Sec. 114 (Vernon 1987)