**M.K., a minor who sues through her mother and next friend, Deidre HALL, Plaintiff,**

**v.**

**Ray HARTER, in his official and individual capacities, and Loretta Begen, in her official and individual capacities, Defendants.**

No. CV-F-88-423 REC.

United States District Court, E.D. California.

April 14, 1989.

Richard Ducote, New Orleans, La., and Dorrie Whitlock, Modesto, Cal., for plaintiff.

Oliver Wanger and Timothy Thompson, Fresno, Cal., for defendants.

## DECISION AND ORDER RE MOTIONS TO DISMISS, FOR A MORE DEFINITE STATEMENT, TO STRIKE, AND FOR SANCTIONS

COYLE, District Judge.

On October 24, 1988 the court heard defendants' Motions to Dismiss, for a More Definite Statement, to Strike, and for Rule 11 Sanctions. Upon due consideration of the written and oral arguments of the parties, the court now enters its order as set forth herein.

Defendants move, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7), to dismiss the complaint on the grounds that:

(a) Plaintiff lacks standing to maintain this action;

(b) Plaintiff has failed to allege a constitutional right cognizable under 42 U.S.C. § 1983;

(c) Defendants are immune as a matter of law from plaintiff's claims;

(d) No "special relationship" exists from which constitutional duties can be inferred under 42 U.S.C. § 1983; and

(e) No legal causation exists between the alleged acts of either defendant and any alleged harm claimed by plaintiff.

Defendants move in the alternative, pursuant to Rule 12(e), for a more definite statement as to in what way plaintiff has suffered a constitutional harm protected by 42 U.S.C. § 1983. In addition defendants move, pursuant to Rule 12(f), to strike any and all references in the complaint to punitive damages on the grounds that such damages are not recoverable under the provisions of 42 U.S.C. § 1983 or under any other provision of applicable law.

Finally, defendants move, pursuant to Rule 11, for sanctions upon the grounds that insufficient investigation was undertaken by plaintiff's counsel, and that the complaint is unwarranted under the facts or any potential law applicable to the case.

## I. Statement of Facts.

Plaintiff M.K. is a minor child whose mother, Deidre Hall, is attempting to bring suit on her behalf as next friend. Plaintiff asserts federal question jurisdiction under 28 U.S.C. § 1331 arising out of purported civil rights claims premised on 28 U.S.C. § 1343 and 42 U.S.C. § 1983. She alleges she was sexually molested by her father, Richard Knippel, and that this information was within the knowledge, or should have been within the knowledge, of defendants. Both defendants Harter and Begen are employed with the Stanislaus County District Attorney's office, Harter as a criminal investigator and Begen as Assistant District Attorney.

Plaintiff alleges defendant Harter performed certain acts which caused plaintiff to be seized from the custody of her mother, placed in a foster home, and eventually placed in the home of her father. Plaintiff claims a "special relationship" with Harter and a corresponding duty to protect her from abuse.

Plaintiff alleges that defendant Begen undertook to serve as counsel for plaintiff in juvenile court proceedings in Stanislaus County without authority and with a conflict of interest. She contends that a conflict of interest arose because Begen allegedly acted as counsel for the Stanislaus County Child Protective Services Agency (SCCPSA) in their petition to be appointed guardian ad litem of plaintiff, while also undertaking to act as counsel for plaintiff in Juvenile Court proceedings. Plaintiff alleges that defendant Begen successfully urged the court to send her to live with her father, knowing that her wishes were to the contrary and knowing of the danger. Such actions are contrary to Begen's duty under the law, and done with the intent to protect the actions of defendant Harter without regard to the consequences to plaintiff.

## II. Standing to Sue.

On May 18, 1988 a detention hearing was held at which the District Attorney's office was appointed by the Stanislaus County Juvenile Court to represent plaintiff. Each

parent stipulated to the petition for such appointment. The SCCPSA then petitioned the Juvenile Court for, and was appointed as, guardian ad litem of plaintiff. Court proceedings were held on June 7, 1988 during which Deidre Hall personally admitted the truth of the allegations of the SCCPSA petition which state that both parents have neglected and emotionally abused the child due to the custody dispute, that the child is suffering psychological harm as a direct result of interaction with her parents, and that neither parent is capable of providing proper care. This resulted in two orders of the Juvenile Court dated June 21, 1988 and August 12, 1988 which removed plaintiff from the custody of her parents and made her a ward of the Juvenile Court under the supervision of SCCPSA. The June 21 order also provided for trial visitation with the father, but with the condition that it be terminated by the social worker if found not to be in the best interest of the child.

Federal Rule of Civil Procedure 17(c) states:

> (c) Infants or Incompetent Persons.
>
> Whenever an infant or incompetent person has a representative such as a general guardian ... or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may sue by next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make other order as it deems proper for the protection of the infant or incompetent person.
>
> Local rule 202 states in pertinent part:
>
> (a) Appointment of Representative or Guardian.
>
> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or a motion for the appointment of a

guardian ad litem by the court. See Federal Rule of Civil Procedure 17(c).

Rule 17(c) states that where a minor does not have a duly appointed representative, she may sue by next friend. If the minor is represented, it is only where the representative is unable or refuses to act or whose interests conflict with the person represented, that the minor may sue by next friend. Under those circumstances, the federal court has the power to appoint a special representative. *United States v. 30.64 Acres of Land*, 795 F.2d 796 (9th Cir.1986); *Developmental Disabilities Advocacy Center, Inc. v. Melton*, 689 F.2d 281 (1st Cir.1982); *Hoffert v. General Motors Corp.*, 656 F.2d 161 (5th Cir.1981), *cert. denied*, 456 U.S. 961, 102 S.Ct. 2037, 72 L.Ed.2d 485 (1982). However, a next friend may not be appointed for a minor who is already adequately represented. *Hoffert; Susan R.M. v. Northeast Independent School District*, 818 F.2d 455 (5th Cir.1987).

Although the Ninth Circuit has not specifically articulated its standard of review for appointment of a guardian ad litem or next friend, the court in *United States v. 30.64 Acres of Land* stated that "other circuits, older precedent and common sense suggest that such appointment must normally be left to the sound discretion of the trial court and may be reviewed only for abuse of that discretion." *Citing Developmental Disabilities* and *Hoffert*. It is clear that SCCPSA is plaintiff's state-appointed guardian ad litem. A minor's state-appointed legal representative may sue on behalf of the infant in federal court pursuant to Rule 17(c). *Susan R.M.* Furthermore, nothing in the federal rules authorizes the parent of a child for whom a legal representative has been appointed to file an action without obtaining court authority to do so. *Susan R.M.*

Consequently, in order for plaintiff's mother Diedre Hall to bring this action of her daughter's behalf, she would have to be appointed by this court as plaintiff's next friend. Because the SCCPSA is presently plaintiff's guardian ad litem, the court's power is limited to those situations

where there is a conflict between the representative and the minor or where there is an inability or refusal to act. However, the court is under a legal duty to inquire into the circumstances to determine if the minor is adequately represented. *United States v. 30.64 Acres of Land.* Rule 17(c) requires a court to take whatever measures it deems proper to protect an incompetent person during litigation. Therefore, the appointment of a proper representative is left to the discretion of the court.

In the present case, Hall has not alleged that the SCCPSA has refused or is unable to bring this action. Instead, she contends that a conflict of interest exists between the SCCPSA and plaintiff on the grounds that Began represented SCCPSA as well. While the SCCPSA did file a petition to be appointed as plaintiff's guardian ad litem, the District Attorney's Office was appointed by the court to represent plaintiff, not the SCCPSA, at the May 18 detention hearing. Consequently, the District Attorney's Office did not represent the SCCPSA as Hall contends.

As the record presently stands, therefore, there does not appear to be any conflict of interest between plaintiff and the SCCPSA. Thus, the court is concerned as to whether Hall is the appropriate party to bring this action since plaintiff already has a properly appointed guardian ad litem. However, the court renders no opinion in that regard due to the fact that plaintiff's claims must be dismissed on the merits, as set forth below.

### III. Prosecutorial Immunity.

Defendants maintain that they are absolutely immune from plaintiff's claims under the theory of prosecutorial immunity. Absolute immunity applies to prosecutors acting "within the scope of [their] duties in initiating prosecution." *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). In other words absolute immunity applies to prosecutors while they are acting as advocates, including "activities [which] were intimately associated with the judicial phase of the criminal process, and thus were functions to which the reasons

for absolute immunity apply with full force." *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), *quoting Imbler, supra.*

■ Defendant Begen is Assistant District Attorney for the Stanislaus County District Attorney's Office. Begen was appointed by the Juvenile Court to represent plaintiff in the May 18 detention hearing at which the SCCPSA was appointed as plaintiff's guardian ad litem. California Civil Code § 4604(b) provides:

> In any case where a custody or visitation decree has been entered by a court of competent jurisdiction and the child is taken or detained by another person in violation of the decree, the district attorney shall take all actions necessary to locate and return the child and the person who violated the decree and the child and to assist in the enforcement of the custody or visitation decree or other order of the court by use of any appropriate civil or criminal proceeding.

California Welfare and Institutions Code § 318.5 provides:

> In a juvenile court hearing, where the parent or guardian is represented by counsel, the county counsel or district attorney shall, at the request of the juvenile court judge, appear and participate in the hearing to represent the petitioner.

Consequently, it is clear that the actions taken by defendant Begen were within the scope of his official prosecutorial duties. Therefore, the court finds that she is absolutely immune from plaintiff's claims.

■ Defendant Harter, while also employed by the District Attorney's Office, is a criminal investigator for the Child Abduction Unit. However, the Ninth Circuit has held that "[i]nvestigative functions carried out pursuant to the preparation of a prosecutor's case also enjoy absolute immunity." *Freeman on Behalf of the Sanctuary v. Hittle,* 708 F.2d 442 (1983), *citing Atkins v. Lanning,* 556 F.2d 485 (10th Cir.1977). *See also O'Connor v. State of Nevada,* 686 F.2d 749 (9th Cir.1982). In *Freeman,* the court held that an investigator for the Prosecuting Attorney's Office was abso-

lutely immune under the prosecutorial immunity doctrine for activities conducted under the authority of that office.

In the present case, defendant Harter was clearly acting for the District Attorney within the scope of his official duties. Harter took plaintiff into custody pursuant to California Civil Code § 4604, which charges the District Attorney with the duty of locating and returning a child who is in violation of a visitation decree. Additionally, Harter responded in accordance with Welfare and Institutions Code § 305(a), which allows any peace officer to take a minor into temporary custody when the officer has reasonable cause for believing that the minor is a dependent child of the court under § 300. At all relevant times, Harter was acting within the framework of the juvenile court system and under the authority of the District Attorney's Office. It is clear that the actions taken by defendant Harter were in preparation for this prosecution and, therefore, are absolutely immune from plaintiff's claims.

Plaintiff cites to the recent case of *Balistieri v. Pacifica Police Dept.*, 88 Daily Journal D.A.R. 10901 (9th Cir.1988) (filed August 23, 1988), for the proposition that a "special relationship" existed between plaintiff and defendants. That case listed four factors to consider when determining when such a "special relationship" exists:

(1) Whether the state created or assumed a custodial relationship toward the plaintiff;

(2) Whether the state was aware of a specific risk of harm to the plaintiff;

(3) Whether the state affirmatively placed the plaintiff in a position of danger; or

(4) Whether the state affirmatively committed itself to the protection of the plaintiff.

However this case also held that the state's awareness of the victim's plight, by itself, will not create such a special relationship.

In the present case, the court placed plaintiff in the custody of the SCCPSA and ordered trial visitation with the father. It was the SCCPSA, not defendants, who was assigned the custodial care of plaintiff.

Consequently the court finds that no "special relationship" existed, and the actions taken by defendants remain absolutely immune under the doctrine of prosecutorial immunity.

ACCORDINGLY, IT IS ORDERED that defendants' Motion to Dismiss is granted, and their Motion for Attorney's Fees is denied.