**Gwendolyn KING, et al., Plaintiffs–Appellants,**

v.

**CITY OF GALESBURG, ILLINOIS (sued as "Galesburg Police Department"), Defendant–Appellee.**

**Nos. 02–1576, 02–1577.**

United States Court of Appeals, Seventh Circuit.

---

Submitted Sept. 11, 2002.*

Decided Sept. 27, 2002.

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

Order

Gwendolyn King and her two children, Talisha Nicholson and DaShawn Watson, contend in this suit under 42 U.S.C. § 1983 that the City of Galesburg should be held liable for asserted violations of the Fourth Amendment committed by police officers. The suit named as defendant the Galesburg Police Department, but in Illinois a police department does not have a legal existence separate from its municipality. See *Chan v. Wodnicki,* 123 F.3d 1005, 1007 (7th Cir.1997); *Chan v. City of Chicago,* 777 F.Supp. 1437, 1442 (N.D.Ill.1991). See also *West v. Waymire,* 114 F.3d 646 (7th Cir.1997) (same in Indiana, and collecting authority from other states). Illinois treats sheriffs and some other officers as independent of municipal corporations, but police, fire, water, park, and similar departments are integral to a municipality and may not be sued separately. See 65 ILCS 5/11–1–1 (cities have authority to enact police ordinances, showing that police are *part of* a municipality rather than an independent juridical entity); *Bradshaw v. City of Metropolis,* 293 Ill.App.3d 389, 227 Ill.Dec. 851, 688 N.E.2d 332 (5th Dist.1997); *Athanas v. City of Lake Forest,* 276 Ill.App.3d 48, 212 Ill.Dec. 686, 657 N.E.2d 1031 (2d Dist.1995). So we have reformed the caption to reflect the name of the real party in interest. See Fed. R.Civ.P. 17(a), (b).

Police were dispatched to King's apartment numerous times in response to complaints by neighbors in the complex where she and her children lived. According to the neighbors King's apartment was the source of loud noise and raucous disturbances. Each time the police arrived,

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

King called the complaints baseless, and altercations ensued. Between May 1998 and April 1999 officers arrested King three times on charges ranging from disorderly conduct to aggravated battery of a police officer.

King believes that these arrests were attributable not to her conduct but to her race. (She and her family were the only black tenants of the apartment complex.) She filed this suit in October 2000 contending that the officers violated the fourth amendment by acting without probable cause and using unnecessary force. (She added other allegations, such as the use of offensive language, but these do not state independent violations of the Constitution. See *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976).) Her children filed a companion action in May 2001. But instead of suing any of the officers, plaintiffs named the Police Department (which is to say, the City) as the sole defendant, creating problems under *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)–for a municipality is liable under § 1983 only for its own policies and may not be held vicariously accountable for the misdeeds of its employees. Plaintiffs lost in most respects, however, for an antecedent reason: the statute of limitations for actions in Illinois under § 1983 is two years, see *Ashafa v. Chicago,* 146 F.3d 459, 461 (7th Cir.1998), and the children's complaint was filed more than two years after the last acts of which they complain. King's complaint was filed within two years of one arrest, though *Monell* blocks recovery on account of that event, and more than two years after all others. King and her children asked the district court to toll the period of limitations on the ground that they had been driven to distraction by the arrests and lacked the ability to file a timely complaint. The district court denied this request, which the plaintiffs repeat on appeal.

■ One of the appeals, on behalf of DaShawn Watson (a minor), must be dismissed. King, who is proceeding *pro se,* may not act as her child's attorney–especially so because King claims to be mentally incompetent to protect her *own* interests. See *Navin v. Park Ridge School District,* 270 F.3d 1147, 1149 (7th Cir. 2001). The court informed the appellants of this problem, but they did nothing to rectify it.

■ King and Nicholson are old enough to represent themselves but have not demonstrated that the district court committed a mistake. The psychiatric reports and other evidence bearing on their mental states does not show that mental illnesses rendered them unable to discover or understand the basis of their legal claim–and nothing less tolls the period of limitations. See *Barnhart v. United States,* 884 F.2d 295, 300 (7th Cir.1989). One medical report, for example, refers to "mental illness" without elaboration, and another suggests that King shows signs of paranoia. But that disorder does not invariably prevent its victim from appreciating the world around her and taking action. A person who suffers from delusions of persecution or extreme distrust of others, the hallmarks of paranoia, is more rather than less likely to perceive the basis of a lawsuit, and paranoia (unlike, for example, clinical depression) does not stifle action on one's beliefs. Nothing in the record suggests that King or Nicholson is disabled to the extent required for tolling; indeed, her brief does not even attempt to make such an argument. King and Nicholson assume that *any* mental impairment tolls the statute of limitations, but that is not the law. So the suits are untimely, and summary judgment for the City was proper.

DaShawn Watson's appeal is dismissed for want of prosecution. The judgment otherwise is affirmed.