Steven SCHARES

v.

**KATY INDEPENDENT SCHOOL DISTRICT**

No. CIV.A.H–02–4542.

United States District Court, S.D. Texas, Houston Division.

Feb. 3, 2003.

Bruce A Coane, Coane & Associates, Houston, TX, Jack Q Nichols, Atty Gen Habeas Corpus Div, Austin, TX, for Steven Schares, individually, b/n/f of Katherine Schares, Katherine Schares, plaintiffs.

Christopher P Borreca, Bracewell & Patterson, Houston, TX, for Katy Independent School District, defendant.

### ORDER DENYING MANDATORY PRELIMINARY INJUNCTION AND DISMISSING SUIT

ROSENTHAL, District Judge.

Plaintiff, Steven Schares, (Schares), filed this suit on December 6, 2002, as next friend of Katherine Schares, (Katherine S.), seeking a mandatory preliminary injunction against the Katy Independent School District, requiring it to promote Katherine from the fifth grade to the sixth grade. Schares filed this suit under 20 U.S.C. § 1415(i)(2)(A) to appeal the decision of the hearing officer dismissing Schares's attempt to obtain an order directing the school district to promote Katherine to the sixth grade. Katy ISD filed a brief in opposition. A hearing was held on January 31, 2003.

Before issuing an injunction, a court must review four factors in determining whether such extraordinary relief should be granted.

(1) a substantial likelihood that the plaintiff will prevail on the merits;

(2) a substantial threat that the plaintiff will suffer irreparable injury if the injunction is not granted;

(3) a showing that the threatened injury to the plaintiff outweighs the potential harm to defendants if the injunction issues; and

(4) a showing that issuance of the injunction will not disserve the public interest.

*Griffin v. Box,* 956 F.2d 89, 92 (5th Cir. 1992).

Based on the pleadings, the parties' submissions, the record, and the applicable law, this court enters findings and conclusions, for the reasons stated in detail in court and on the record, as follows:

■ Schares cannot show a likelihood of success on the merits. He has failed to make the necessary showing of a justiciable issue presented under the Individuals with Disabilities Education Act, (IDEA), 20 U.S.C. § 1400 *et seq.* The hearing officer dismissed the complaint on the ground that Schares did not challenge the decision to have Katherine S. repeat the fifth grade on any basis relating to her individual educational placement, including the goals of Katherine S.'s IEP, the evaluations, the provision of services in the resource classroom, or the services she was, or was not, receiving. Schares's challenge to the retention decision in the administrative process did not challenge the IEP, the special education services, or the manner in which those services were delivered. Instead, the only challenge was that Katy ISD was delivering the special education services to Katherine S. in the fifth rather than in the sixth grade. Schares challenged Katy ISD's decision to have Katherine S. receive educational services in the fifth rather than in the sixth grade, but did not challenge the educational services themselves. The decision that Schares challenged is not an educational placement decision under the IDEA. *See Sherri A.D. v. Kirby,* 975 F.2d 193 (5th Cir.1992). Such a challenge does not fall within the IDEA or raise an issue justiciable in this federal district court.

■ Schares has failed to make the necessary showing that he has standing to seek the relief he asserts. Schares and Katherine S.'s mother are divorced. Under the applicable authority, a federal district court must look to the terms of the divorce decree to determine whether a parent has standing to bring a due process hearing and appeal from the results of that hearing. *See Susan R.M. v. Northeast Indep. Sch. Dist.,* 818 F.2d 455, 457 (5th Cir.1987); *Navin v. Park Ridge Sch. Dist. 64,* 270 F.3d 1147, 1149 (7th Cir.2001). The divorce decree at issue provided that Katherine S.'s mother had the exclusive right to make educational decisions for Katherine S., after consultation with Schares. Under the applicable case law, because the divorce decree placed authority to make educational decisions for Katherine S. in the mother, the father does not have standing under the IDEA.

■ Schares has failed to make the necessary showing of a substantial threat that Katherine S. will suffer irreparable injury if the injunction is not granted or that the threatened injury to Katherine S. outweighs the potential harm to Katy ISD if the injunction issues. The record before this court did not establish the necessary showing of irreparable injury to Katherine S. if the injunction did not issue. The record did show a risk of injury to Katherine S. if a federal district court ordered her to be moved, in the middle of the school year, from the fifth grade to the sixth grade, requiring her to transfer to an entirely different school and from lower school to middle school. The record also showed potential harm to Katy ISD's interests in continuing to provide Katherine S. the services that have been determined appropriate for her under the IDEA.

The application for a mandatory preliminary injunction is DENIED and this case is DISMISSED.