John C. HUFFER, Plaintiff–Appellant,

v.

Diane M. STUART, Director of Office on Violence Against Women, United States Department of Justice, Defendant–Appellee.

No. 03–2535.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 10, 2003.*

Decided Dec. 29, 2003.

John C. Huffer, pro se, Tuscola, IL, for Plaintiff–Appellant.

David H. Hoff, Office of the United States Attorney, Urbana, IL, for Defendant–Appellee.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, EASTERBROOK, and DIANE P. WOOD, Circuit Judges.

## ORDER

Pro se litigant John Huffer applied for federal grants on behalf of an organization he identifies alternately as the Central Illinois Chippewa Tribal Court and the Central Illinois Tribal Council (we will refer to Huffer's organization as the "Tribal Council"). Diane Stuart, the director of the Justice Department's Office on Violence Against Women (the agency that administered one of the grants) wrote Huffer and explained that the Tribal Council was not eligible for the grants because it did not appear on the list of federally recognized Indian tribes. *See* Indian Entities Recognized and Eligible to Receive Services from the United States Bureau of Indian Affairs, 65 Fed. Reg. 13,298 (March 13, 2000). Huffer then sued Stuart, alleging that the Tribal Council had been previously recognized as an Indian tribe, and that Stuart had, without due process, taken away "approvals" that Huffer had received for the grants. Huffer requested damages to compensate him personally for the lost grants and the time he spent preparing the applications, and also requested that the district court "rule" that the Tribal Council "does meet the [d]efinition of 'Indian Tribe' and be added to the list of Federally Recognized American Indian Tribes."

The district court granted Stuart's motion to dismiss. It held that it lacked subject matter jurisdiction over Huffer's demand for tribal recognition because the Department of the Interior has authority over whether a group qualifies as a federally recognized tribe, *see* 25 C.F.R. § 83, and Huffer needed to direct his efforts for tribal recognition to that agency. It then concluded that Huffer had failed to state a claim for a due process violation: the attachments to Huffer's complaint reveal that the "approvals" Stuart took away are approvals of Huffer's user identification ("chiefaj1") for the online application process, and Huffer has no constitutionally protected property interest in either the user identification "approvals" or the grant funds themselves.

On appeal we perceive several different problems with Huffer's suit. Huffer is a non-lawyer (although he identifies himself as a "Tribal Court Judge") and named himself as the only plaintiff. Yet it is the Tribal Council that he alleges has been injured, and the relief he seeks—federal recognition and the grant funds—would inure to it. If Huffer is seeking to *represent* the Tribal Council, his suit must be dismissed because as a non-lawyer, he has no authority to prosecute a suit on behalf of the Tribal Council. *See Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1149 (7th Cir.2001); *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir.2000). If, on the other hand, Huffer represents only himself, he likely lacks standing to bring the suit to the extent that he is attempting to assert the rights of the Tribal Council. *See Warth v. Seldin*, 422 U.S. 490, 498–99, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) (noting that a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"); *cf. J.F. Shea Co. v. City of Chicago*, 992 F.2d 745, 749–50 (7th Cir.1993) (employee has no standing to challenge action that directly injures employer).

That leaves at most a personal claim for Huffer's own damages. But, if that is what this case is about, the appeal nonetheless must fail. In his appellate brief Huffer fails to present any intelligible argument attacking the district court's conclusions. Instead he repeats allegations from his complaint that the Tribal

Council is a federally recognized tribe, and that he has been denied "his civil right of due process." Although we construe pro se filings liberally, by and large Huffer's appellate brief ignores the grounds on which the district court acted, and we will not construct arguments for him. *See Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir.2001). We have previously warned pro se litigants that this court will dismiss an appeal that fails to specify any error in the district court's decision. *See Anderson,* 241 F.3d at 545 (7th Cir.2001); *United States ex rel. Verdone v. Circuit Court for Taylor County,* 73 F.3d 669, 673 (7th Cir.1995) (per curiam); *Brooks v. Allison Div. of Gen. Motors Corp.,* 874 F.2d 489, 490 (7th Cir.1989). Because Huffer's appellate brief fails to address the basis the district court gave for its decision, we dismiss his appeal.

APPEAL DISMISSED.