Juanita **JOHNSON**, Plaintiff–Appellant,

v.

**BANK ONE N.A.**, et al., Defendants–
Appellees.

No. 03–2816.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 3, 2004.*

Decided Feb. 3, 2004.

Juanita Johnson, pro se, Jerry L. John-
son, pro se, Hazelcrest, IL, for Plaintiff–
Appellant.

Francis J. Leyhane, III, Boyle & Associ-
ates, Chicago, IL, for Defendant–Appellee.

Before RIPPLE, KANNE, and DIANE
P. WOOD, Circuit Judges.

## ORDER

When Bank One brought a foreclosure
action against Juanita Johnson in Illinois
state court, she responded by filing a sepa-
rate federal lawsuit against the bank,[1] al-
leging violations of the Fair Housing Act,

---

* After examining the briefs and the record, we
have concluded that oral argument is unnec-
essary. Thus, the appeal is submitted on the
briefs and the record. *See* Fed. R.App. P.
34(a)(2).

1. The other defendant-appellant, HomeCom-
ings Financial Network, was added to the
lawsuit in an amended complaint.

the Equal Credit Opportunity Act, the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and Title VII of the Civil Rights Act. Although the complaint was signed by Ms. Johnson, it appears to have been drafted by Ms. Johnson's son, Jerry Johnson, as announced in its opening paragraph: "Now comes the plaintiff, JUANITA JOHNSON, ... by and through her power of attorney agent, JERRY V. JOHNSON AND COUNSELORS RETAINED BY HIM,...."

A licensed attorney soon made an appearance on Ms. Johnson's behalf, but her son continued to involve himself in the case, for example by showing up at status hearings at which Ms. Johnson and her attorney failed to appear. In fact, Ms. Johnson habitually missed scheduled conferences and depositions—the record notes more than half a dozen such occasions. Eventually, after warning Ms. Johnson and her attorney (in orders dated December 17, 2002; January 9, 2003; and February 4, 2003) that continued failure to appear could result in dismissal, the district court dismissed the case for want of prosecution.

Ms. Johnson's son then filed a pair of post-judgment motions, again on his mother's behalf. In the first, he asked for leave to amend the complaint to add himself as a plaintiff; in the second, he asked the court to reconsider its order of dismissal. The court denied both motions.[2]

The notice of appeal that followed presents some problems. The notice's caption identifies both Juanita Johnson and Jerry Johnson as plaintiffs and appellants, even though the district court denied the motion to add Jerry to the complaint. And although the appeal is supposedly being prosecuted on behalf of both Juanita and Jerry, only the latter signed his name to the notice. Likewise, the appellant's briefs are signed by Jerry alone, despite the fact that he was not a party in the case before the district court, nor is he a licensed attorney.

Rule 11(a) of the Federal Rules of Civil Procedure requires that every "pleading, written motion, or other paper" be signed either by an attorney acting on a litigant's behalf, or by the litigant herself. This rule applies to notices of appeal. *See Becker v. Montgomery,* 532 U.S. 757, 763, 121 S.Ct. 1801, 149 L.Ed.2d 983 (2001). Although "imperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing," *Becker,* 532 U.S. at 767, 121 S.Ct. 1801, that rule cannot save this appeal, given the genuine doubt, in the absence of any brief or other filing prepared by her, whether Ms. Johnson is at all involved in this appeal.

Jerry nevertheless argues that, although he is not a licensed attorney, he has been given "power of attorney" to act on his mother's behalf. But a power of attorney does not authorize its recipient to practice law, *see Johns v. County of San Diego,* 114 F.3d 874, 876 (9th Cir.1997), and Mr. Johnson, as a non-lawyer, may not represent his mother in the federal courts, *see Navin v. Park Ridge Sch. Dist. 64,* 270 F.3d 1147, 1149 (7th Cir.2001); *Lewis v. Lenc–Smith Mfg. Co.,* 784 F.2d 829, 830–31 (7th Cir.1986) (per curiam).

Accordingly we STRIKE the notice of appeal and the briefs filed for the appellant in this case and DISMISS this appeal for lack of jurisdiction.

---

**2.** A district court docket entry dated June 26, 2003 erroneously indicates that the district court granted the motion to amend the pleading. The actual minute order unequivocally states that the motion was denied.