UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 10, 2006[*]
Decided February 14, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-2412

| | |
|---|---|
| ROBERT J. CARROLL, <br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | No. 04-C-535 |
| JOSHUA BARNACK, et al., <br> *Defendants-Appellees.* | William C. Griesbach, <br> *Judge.* |

**O R D E R**

Wisconsin probation agents searched Robert Carroll's home after he violated a condition of his probation. Carroll later challenged the search in a civil action under 42 U.S.C. § 1983, claiming that it violated the Fourth Amendment. The district court granted summary judgment for the defendants and Carroll appeals. We affirm the district court's decision.

The following facts are undisputed. Carroll was serving a 10-year term of probation imposed on his Wisconsin conviction for sexually assaulting a child. The

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

rules of that probation are detailed in a document signed by Carroll. Rule 6 reads: "You shall make yourself available for searches or tests ordered by your agent including but not limited to . . . search of residence or any property under your control." Other rules prohibited Carroll from having sexual contact with a mentally impaired individual or establishing a "dating, intimate, sexual relationship" with any person unless approved in advance by probation officials. Carroll was allowed to own a computer, but was not allowed to have internet access.

In July 2002, a mentally impaired woman reported to Carroll's probation agent, Joshua Barnack, that Carroll had engaged in sexual contact with her. The woman, whom Carroll had met at a center for the mentally impaired, explained that she visited Carroll's home and was given a key to his house. During her visit, she alleged, Carroll told her that she was meant to marry his son, and pressured her to promise that she would be with his son forever. Carroll then kissed her, touched her breasts, removed her shirt, pulled down her pants, and tried to remove her clothing completely. The woman, who reported that she was very uncomfortable and scared, told Carroll no and put her clothes back on. Carroll then attempted to put a vibrating massager between her legs.

Based on this information, officers from the Ashland, Wisconsin, police department took Carroll into custody. Barnack then completed an application for supervisory approval in which he sought permission to search Carroll's residence to determine whether Carroll had been complying with the rules of his probation. Barnack's supervisor, Terry Schemenauer, orally approved the search, but, for reasons unclear from the record, did not sign the application. Nonetheless, Barnack, along with fellow agents Kevin Seefeldt and Randy Ruffi, searched Carroll's residence. They were accompanied by Ashland officers Michael Brennan, Michelle Tutor, and Scott Harnisch.

Barnack and the other probation agents seized several items including two guns, a buck knife, a sword, and a laptop computer that had been used to visit over 150 pornographic websites. The agents then presented this evidence before an Administrative Law Judge, who found that the weapons had not come into the house until after Carroll's arrest and that there was no evidence linking Carroll to what he said was his son's laptop. But because the judge found the testimony regarding Carroll's sexual encounter with the mentally impaired woman credible, he revoked Carroll's probation and remanded him to the trial court. The court sentenced him to prison, although the record does not indicate the date of his sentencing or the length of his term.

Carroll then filed a complaint in federal court in June 2004, claiming under § 1983 that the probation agents and Ashland police officers violated the Fourth Amendment by searching his home without a warrant. The district court granted

summary judgment for the defendants. Our review of that decision is de novo. *Green v. Butler*, 420 F.3d 689, 694 (7th Cir. 2005).

Carroll principally argues that the search of his home violated the Fourth Amendment because it was conducted without a warrant and was therefore unreasonable. The Supreme Court has explained that a warantless search of a probationer's home is reasonable under the Fourth Amendment so long as it is authorized by a condition of probation and supported by reasonable suspicion. *United States v. Knights*, 534 U.S. 112, 121 (2001). We have gone further and held that a blanket waiver of Fourth Amendment rights as a condition of probation justifies searching a probationer's home even without any individualized suspicion. *United States v. Hagenow*, 423 F.3d 638, 643 (7th Cir. 2005); *United States v. Barnett*, 415 F.3d 690, 691-93 (7th Cir. 2005). Underlying these decisions is the recognition that a probationer does not enjoy "'the absolute liberty to which every citizen is entitled, but only . . . conditional liberty properly dependent on observance of special [probation] conditions.'" *Griffin v. Wisconsin*, 483 U.S. 868, 874 (1987) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)); *accord Knights*, 534 U.S. at 119 ("[A] court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens."); *Barnett*, 415 F.3d at 692 (explaining that probationer is free to waive constitutional rights in exchange for privilege of living outside prison so long as waiver is knowing and intelligent).

Here, as in *Knights* and its progeny, Carroll explicitly agreed to "make [himself] available for searches" while on probation, which is all that the law required to render a search of his home by probation agents reasonable; no warrant was needed. Nor was it necessary for Barnack's supervisor to sign the search application, contrary to Carroll's assertion. Under Wisconsin law, a probation agent who wishes to search a probationer's living quarters must obtain "[a]pproval of the supervisor . . . unless exigent circumstances . . . require search without approval." WIS. ADMIN. CODE DOC § 328.21 (2005). There is no statutory requirement that the supervisor also document his approval in writing. The defendants here presented evidence that a supervisor orally agreed to the search, and Carroll presented no contrary evidence. Accordingly, summary judgment was properly granted in favor of the defendants.[1]

---

[1] Carroll additionally contends that, if the search of his home was lawful, the search of his son's computer was not. We point out, as did the district court, that as a *pro se* litigant Carroll may not represent the interests of a third party, *see* 28 U.S.C. § 1654; *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986), even if that third party is his son, *see Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147,

(continued...)

Given this conclusion, Carroll's remaining arguments require little discussion. First, his argument that the district court failed to compel discovery is contradicted by the record. The court did compel discovery, but simply declined to grant Carroll's later motion to extend the discovery deadline because he did not allege that documents he requested had not been received. We cannot conclude that the court abused its discretion in not prolonging discovery, especially since it is clear to us that no amount of further discovery could have overcome the waiver of Fourth Amendment rights that Carroll accepted as a condition of his probation. Nor do we discern any abuse of discretion in the court's refusal to grant Carroll's motion to strike the answer of the probation-agent defendants. *See Winfrey v. City of Chi.*, 259 F.3d 610, 618-19 (7th Cir. 2001). And, finally, we agree with the defendants that the additional arguments that Carroll raises in this court for the first time are waived. *See King v. Ill. State Bd. of Elections*, 410 F.3d 404, 424 (7th Cir. 2005).

AFFIRMED.

---

[1](...continued)
1149 (7th Cir. 2001); *Devine v. Indian River County Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997); *Osei-Afriyie v. Med. Coll. of Penn.*, 937 F.2d 876, 882-83 (3d Cir. 1991).