NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 12, 2009
Decided August 12, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 09-1189

| | |
|---|---|
| MARY JANE MURRAY, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 08-C-1072 |
| MILWAUKEE COUNTY, et al., *Defendants-Appellees*. | Rudolph T. Randa, *Chief Judge*. |

**O R D E R**

Mary Jane Murray appeals from the dismissal of her civil-rights complaint on the ground that it fails to state a claim. We affirm the judgment.

The guardianship of Murray's developmentally disabled daughter, Mary Kate Murray ("Mary Kate"), is at the center of this lawsuit and many other suits that Murray has filed over the years in state and federal court. Mary Kate has had several different guardians since 1984, including Murray's sister and two of Murray's former coworkers. Most recently, in 1999, when Mary Kate was 38 years old, a Wisconsin state court appointed ARC of Greater Milwaukee, Inc., an organization serving the disabled, to serve as Mary Kate's guardian. In her present complaint, Murray claims that Milwaukee County, Mary Kate's former guardians, and ARC violated her and her daughter's constitutional rights. Murray moved to proceed in forma pauperis, *see* 28 U.S.C. § 1915(a), but the district court

concluded that the complaint fails to state a claim and dismissed the suit, *see id.* § 1915(e)(2). On appeal Murray argues that the district court's dismissal was in error and repeats many of the allegations from her complaint.

As a threshold matter we note that Murray is not authorized to bring a civil-rights suit on behalf of Mary Kate. Only ARC, Mary Kate's legally appointed guardian, may bring suit on her behalf, and ARC may do so only with the assistance of counsel. *See Struck v. Cook County Pub. Guardian*, 508 F.3d 858, 859 (7th Cir. 2007); *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007); *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001). Murray's claims made on behalf of her daughter, therefore, were not properly before the district court. Murray's own claim, moreover, is limited to the contention that she would be the best guardian for Mary Kate and yet the defendants have prevented her from serving in that capacity. But the selection of an appropriate guardian raises no federal constitutional issue; any concern Murray has about Mary Kate's guardianship must be addressed to the state court where the guardianship determination was made. *See Struck*, 508 F.3d at 859.

AFFIRMED.