**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 16, 2009[*]
Decided October 9, 2009

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-1928

|  |  |
|---|---|
| CHORI J. BRYANT, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *Plaintiff-Appellant,* | |
| *v.* | No. 06 C 5697 |
| BOARD OF EDUCATION, DISTRICT 228, et al. | Charles P. Kocoras, *Judge.* |
| *Defendants-Appellees.* | |

**O R D E R**

Chori Bryant appeals from the grant of summary judgment on his claim that his school district and its administrators discriminated against him on the basis of race. We affirm.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

When Bryant was a freshman at Oak Forest High School, school officials disciplined him for violations of school rules, including wearing his pants too low, disrupting class, and not being prepared for class. Bryant, who is African-American, was also once punished for "antagonizing" a fight between two students in the hallway at school, even though he contended he only stood by. According to Bryant, a mostly-white crowd of about 50 students witnessed the fight, but only he and one other nonwhite student were singled out for punishment. Just before his sophomore year began, school officials warned him that continued disciplinary problems would result in a possible transfer to RISE, an alternative high school for students with behavior and attendance issues.

During Bryant's junior year, administrators began to suspect that he might live outside the school district's boundaries because mail addressed to his home had been returned undelivered. In response school officials demanded proof of Bryant's residence within the district. Bryant's father, Earnest, produced an apartment lease that turned out to be fraudulent (and Earnest later conceded as much)—a situation that led the school district to bar Bryant from competing in interscholastic football games (though it allowed him to continue practicing with the team). Bryant missed the first eight games that season. Once the district conducted a residency hearing (and the Bryants provided proof they had moved back into the school district), Bryant rejoined the team for the final five games.

During Bryant's eight-game suspension from Oak Forest's football games, Earnest, on behalf of his son, sued the school district and various school administrators for race discrimination in disciplining his son and investigating his residency. In response to motions to dismiss, the district court construed the pro se complaint as stating a claim for violation of the Equal Protection Clause of the Fourteenth Amendment under 42 U.S.C. § 1983, a claim under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, and a claim under state law for intentional infliction of emotional distress. After discovery, the defendants moved for summary judgment, which the district court granted. Bryant appeals.

We begin by noting that when Earnest filed this suit on Bryant's behalf, Bryant had not yet turned 18. Bryant's then-minority status did not catch the district court's attention, and Earnest, a non-lawyer, should not have been allowed to represent his minor son without counsel. *See Mosely v. Bd. of Educ. of Chi.*, 434 F.3d 527, 532 (7th Cir. 2006); *Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001). Since this appeal was filed, however, Bryant has turned 18 and so we invited him to decide whether he wanted to adopt his father's briefs; he has expressed his desire to do so. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830-31 (7th Cir. 1986) (allowing litigant represented on appeal by non-lawyer to file a pro se brief on her own behalf).

On appeal, Bryant argues essentially that the district court abused its discretion by not ensuring the defendants' compliance during discovery—discovery that he maintains, would have produced evidence sufficient to withstand summary judgment. He asserts that the defendants violated discovery rules and acted in bad faith, *see* FED. R. CIV. P. 26, 37, by refusing to produce certain documents of unspecified significance: email correspondence among school administrators regarding Bryant; the daily journal of district administrator David Corbin; and a letter that Earnest sent to principal David Wilson.

We find no error in the district court's actions. In the district court, Bryant never sought a court order compelling the production of the letter, journal, or emails, and such an order is required before a court may sanction for discovery abuse. FED. R. CIV. P. 37(b)(2); *Employers Ins. of Wausau v. Titan Int'l, Inc.*, 400 F.3d 486, 490 (7th Cir. 2005). Moreover, if Bryant believed that further discovery was necessary to withstand summary judgment, he should have filed a motion under Federal Rule of Civil Procedure 56(f). *Easley v. Kirmsee*, 382 F.3d 693, 699 (7th Cir. 2004); *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993) (requiring pro se litigant to follow Rule 56(f)).

In any event, based on the evidence before it, the district court did not err in concluding that Bryant failed to identify a genuine issue of material fact. The district court was entitled to disregard those assertions in Bryant's proposed statement of facts that violated Local Rule 56.1 by not being properly supported, by referencing affidavits that conflicted with deposition testimony, or by being based on inadmissible hearsay. *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809-10 (7th Cir. 2005). Even setting aside those deficiencies, though, Bryant never presented evidence that other, non-minority Oak Forest students were treated differently than he was—a prerequisite to making an Equal Protection claim. *See Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979); *Hedrich v. Bd. of Regents of Univ. of Wis. Sys.*, 274 F.3d 1174, 1183 (7th Cir. 2001). Nor did he produce evidence of intentional discrimination to establish a Title VI claim, *see Alexander v. Sandoval*, 532 U.S. 275, 280-81 (2001); *Brewer v. Bd. of Trs. of Univ. of Ill.*, 479 F.3d 908, 921 (7th Cir. 2007); for instance, he never rebutted the district's explanation that they kept him out of football games lest the school risk forfeiting games for playing a nonresident.

AFFIRMED.